Florence **QUEEN**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 18035.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 20, 1964.

Decided June 29, 1964.

Mr. William B. Bryant (appointed by this court), Washington, D. C., for appellant.

Mr. David Epstein, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Victor

W. Caputy, Asst. U. S. Attys., were on the brief, for appellee.

Before Bazelon, Chief Judge, and Fahy and Wright, Circuit Judges.

PER CURIAM.

In Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (decided May 18, 1964) on review of a conviction of a federal offense, secured in part by the admission at trial of incriminating statements of the petitioner, the accused, the Court held that his right to the assistance of counsel guaranteed by the Sixth Amendment had been violated by the admission of the statements:

"We hold that the petitioner was denied the basic protections of that guarantee when there was used against him at his trial evidence of his own incrimininating words, which federal agents had deliberately elicited from him after he had been indicted and in the absence of his counsel."

377 U.S. at 206, 84 S.Ct. at 1203.

The opinion states that the most elemental concepts of due process of law contemplate that an indictment be followed by trial in a courtroom, presided over by a judge, open to the public, and protected by all the procedural safeguards of the law. The Court contrasted these elemental concepts of due process with the use at trial of incriminating statements obtained after indictment and prior to trial in such extra-judicial proceedings as secret interrogation by the police.

In the present case also the convictions were obtained by use at trial of self-incriminating statements of the accused elicited by extra-judicial secret police interrogation prior to trial. It is true appellant had not been indicted; but other circumstances present in this case compel the same result as in *Massiah*. See Escobedo v. Illinois, 84 S.Ct. 1758. These circumstances are as follows:

Appellant had been arrested March 14 and taken the next day before a United States Commissioner. He admitted her to bail and continued the proceedings to allow her to obtain counsel, as she requested opportunity to do. On the continued date, March 28, she reappeared, as of course she was required to do, at the offices of the Commissioner, but without counsel. The police officer who had arrested her approached her in the witness room where she was awaiting appearance before the Commissioner. With two other officers he escorted her into another room, he says with her assent, to be questioned, alone with the officers. He also said he advised her of her right not to make a statement [1] and that if she did so it might be used against her. He testified, however, that he knew she had asked for the continuance to obtain a lawyer, and he asked her if she had obtained counsel, to which she replied either that she had obtained a lawyer, was in the process of obtaining one, or was going to do so. He was not sure which of these answers she gave. He said he talked to her to try to get to the truth of the matters involved in the charge: "I didn't feel that she had told me the truth on the 14th," the date of the arrest, "so I wanted to talk to her on this occasion to find out the whole truth if I could."

In the course of this secret interrogation, in the absence of counsel, and during the continuance granted for the very purpose of enabling counsel to be obtained, the self-incriminating statements were elicited. The result of this intervention by the officers was to frustrate the right of the accused to have the assistance of counsel until by reason of these extra-judicial proceedings such assistance would be rendered fruitless if the statements thus obtained could be used to convict. For this reason, and notwithstanding the absence of an indictment, the case clearly comes within the reasoning which led to the exclusion of the evidence in *Massiah* and *Escobedo*. And see Ricks v. United States, 118 U.S. App.D.C. ——, 334 F.2d 964.

Reversed and remanded.

---

1. She had been so advised by the Commissioner on the 15th.