Tommie A. JOHNSON, Appellant,

v.

UNITED STATES of America, Appellee.

Leon STEWART, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 18243, 18244.

United States Court of Appeals District of Columbia Circuit.

Argued June 16, 1964.

Decided Oct. 15, 1964.

As Amended Nov. 13, 1964.*

Wilbur K. Miller, Circuit Judge, dissented.

See also, 120 U.S.App.D.C. ——, 344 F.2d 161.

---

* Senior Circuit Judge WILBUR K. MILLER not participating.

Mr. Henry T. Rathbun (appointed by this court), Washington, D. C., for appellant in No. 18243, argued for both appellants.

Mr. Jack Marshall Stark (appointed by this court), Washington, D. C., was on the brief for appellant in No. 18244.

Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Gerald A. Messerman, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and WILBUR K. MILLER and WASHINGTON, Circuit Judges.

PER CURIAM:

Johnson and Stewart were interrogated by the police on May 26, 1963, 19 days after their preliminary hearing had been continued until May 28, to allow each defendant to obtain and consult counsel. At the time of the interrogation, which produced a confession by Johnson, appellants were not represented by counsel. They were then confined in the District of Columbia Jail, and were interviewed together there by a police officer.

■ There is no longer any doubt that the confession obtained from Johnson, under such circumstances, was inadmissible as part of the Government's case in chief. Ricks v. United States, 118 U.S. App.D.C. 216, 334 F.2d 964, decided June 9, 1964. See also, Queen v. United States, 118 U.S.App.D.C. 262, 335 F.2d 297, decided June 29, 1964, Cf. Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

The principal question in this appeal is whether the Government's use of the confession in rebuttal to Johnson's testimony fell within the limited exception to inadmissibility approved in Walder v. United States, 347 U.S. 62, 65, 74 S.Ct. 354, 98 L.Ed. 503 (1954).

Johnson testified that the complaining witness—Mr. R.—had paid him and his co-defendant twenty dollars to engage in unnatural sexual activities, and that, at the conclusion of those activities, the complaining witness and the two defendants engaged in a brief skirmish, during which each of the defendants struck Mr. R. once, and left the latter's office. Johnson denied the charge that he and Stewart had robbed Mr. R.

On cross-examination, the prosecutor asked Johnson whether he had admitted to a police officer, on May 26, 1963, that he and Stewart had forcibly taken two twenty dollar bills from Mr. R. after Mr. R. had changed his mind about having sexual relations and paying them twenty dollars apiece. Johnson denied making such a statement. The Government then called the police officer, who testified that such a statement was in fact made to him.

■■ In general, evidence which is inadmissible to prove the case in chief is inadmissible for all purposes, unless the defendant himself introduces the evidence or is in some manner estopped from objecting to its use. The evidence

*How!*

is not rendered admissible merely because the defendant testifies in his own behalf.[1] He "must be free to deny all the elements of the case against him without thereby giving leave to the Government to introduce by way of rebuttal evidence illegally secured by it, and therefore not available for its case in chief." Walder v. United States, 347 U. S. 62, 65, 74 S.Ct. 354, 356, 98 L.Ed. 503 (1954).[2] Thus, in Agnello v. United States, 269 U.S. 20, 29, 46 S.Ct. 4, 5, 70 L.Ed. 145 (1925), the defendant, charged with conspiring to sell narcotics, "testified on direct examination that he received the packages * * * [alleged to contain narcotics] but that he did not know their contents, and that he would not have carried them, if he had known that they contained * * * narcotics." On cross-examination he replied in the negative to the question whether he had ever seen narcotics. Notwithstanding the breadth of the denial on direct and the negative reply on cross, the Supreme Court ruled that neither provided a basis for the introduction of narcotics illegally seized from his house.

In Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954), the Court recognized an exception to the rule which forbids the admission of ill-gotten evidence. There, the defendant testified on direct that he had "never sold any narcotics to anyone in my life" and had never possessed narcotics. *Id.* at 63, 74 S.Ct. at 355. On cross-examination

the Government asked whether he had been in possession of certain narcotics on an occasion unconnected with the indictment being tried. When he denied this, the Government was allowed to impeach him by introducing evidence of the unconnected incident despite the fact that the narcotics in question had been seized illegally. The Supreme Court affirmed this action on the ground that the defendant had voluntarily made sweeping claims which "went beyond a mere denial of complicity in the crimes of which he was charged," and that the Government was entitled to protect itself by "contradiction of his untruths." 347 U.S. at 65, 74 S.Ct. 354. The Court quoted Michelson v. United States, 335 U.S. 469, 479, 69 S.Ct. 213, 93 L.Ed. 168 (1948): "The price a defendant must pay for attempting to prove his good name is to throw open the entire subject which the law has kept closed for his benefit and to make himself vulnerable where the law otherwise shields him." Thus in choosing to do more than "meet the accusation against him" (347 U.S. at 65, 74 S.Ct. 354) by putting in issue matters independent of the offense charged, Walder had opened himself to impeachment by evidence relating to such independent matters,[3] although that evidence would have been inadmissible on a trial concerned directly with the unconnected events.

■ In the present case, Johnson did not "of his own accord" exceed the

---

1. Cf. Harrold v. Territory of Oklahoma, 169 F. 47, 50 (8th Cir. 1909): "The privilege granted to an accused person of testifying on his own behalf would be a poor and useless one indeed if he could exercise it only on condition that every incompetent confession induced by the promises, or wrung from him by the unlawful secret inquisitions and criminating suggestions, of arresting or holding officers, should become evidence against him."

2. But *cf.* discussion in Bailey v. United States, 117 U.S.App.D.C. 241, 328 F.2d 542 (1964). We do not regard our dis-

position of the present case as being in conflict with the actual holding of the majority in *Bailey.* Our own views, however, are more closely in accord with those which appear in the dissenting opinion of Judge Wright. Cf. White v. United States, No. 18355, decided Sept. 17, 1964.

3. The current editor of WIGMORE ON EVIDENCE criticizes *Walder* both on constitutional grounds and for violating "the rule prohibiting contradiction on a collateral matter." WIGMORE, EVIDENCE § 15, p. 65 (3d ed. Supp.1962). Apparently the question of collateralness was not considered by the Court.

bounds of testimony necessary to his defense by making "sweeping claims." He merely offered his own version of the events charged in the indictment. Moreover, the evidence used purportedly to impeach him was a confession of the very charge on trial, raising a clear likelihood of prejudice not present when, as in *Walder*, the impeaching evidence is unrelated to the indictment.[4] Thus the *Walder* exception does not allow the testimony regarding Johnson's confession. "[T]he Government could no more work in this evidence on cross-examination than it could on its case in chief."[5] The officer's testimony directly challenged the innocence, not merely the credibility, of the defendants. To permit the Government to introduce illegally obtained statements which bear directly on a defendant's guilt or innocence in the name of "impeachment" would seriously jeopardize the important substantive policies and functions underlying the established exclusionary rules.[6]

Since Johnson's confession also explicitly implicated Stewart, the judgments below must be reversed for a new trial as to both defendants.[7]

So ordered.

WILBUR K. MILLER, Circuit Judge, dissents. He would affirm.

4. Cf. Lockley v. United States, 106 U.S. App.D.C. 163, 166–68, 270 F.2d 915, 919–921 (1959) (Burger, J., dissenting); Tate v. United States, 109 U.S.App.D.C. 13, 283 F.2d 377 (1960). And see Bailey v. United States, 117 U.S.App.D.C. 241, 328 F.2d 542, 546 n. 3 (1964) (Wright, J., dissenting).

5. Walder v. United States, 347 U.S. at 66, 74 S.Ct. at 356, describing the holding in *Agnello*.

6. See concurring opinion of Judge Washington in Tate v. United States, 109 U.S.App.D.C. 13, 18, 283 F.2d 377, 382 (1960).

7. In fact the police officer's testimony revealed that both Johnson and Stewart had confessed on the same occasion. Since Stewart did not take the stand, there was no foundation at all for introduction of his confession. His conviction would therefore appear to be reversible on this ground as well.

We reject appellants' allegations concerning the insufficiency of the Government's case; and since we order a new trial, it is unnecessary to consider appellants' objections to the trial court's instructions to the jury, not raised below. Nor do we consider the validity of the arrests, since the record upon that issue is presently inadequate and may be expanded upon remand.