Herbert L. CARTER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20091.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 18, 1967.

Decided March 2, 1967.

Mr. Lawrence Speiser, Washington, D. C. (appointed by this court), for appellant.

Mr. Scott R. Schoenfeld, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and FAHY and BURGER, Circuit Judges.

PER CURIAM:

Appellant was indicted for second degree murder, D.C.Code § 22–2403, and found guilty of manslaughter, D.C.Code § 22–2405. On the appeal counsel has carefully presented three matters deserving our consideration, but upon such consideration we conclude that a reversal of the conviction is not in order.

1. On cross-examination of the defendant questions were asked which were based on parts of an in-custody statement he had given the arresting officer. The statement itself was not placed in evidence, nor were the parts used in the cross-examination, though the fact of existence of the statement was brought out before the jury. The substance of those portions of the statement used in the impeaching cross-examination was remote from the issue of guilt, and the limited use of the statement, when considered with all the testimony, including that of defendant, does not invalidate the jury verdict even though we assume arguendo that the statement itself could not have been admitted in evidence. Compare Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503, with Johnson v. United States, 120 U.S.App.D.C. 69, 344 F.2d 163, and Inge v. United States, 123 U.S. App.D.C. 6, 356 F.2d 345.

2. The case was tried before our decision in Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763. Accordingly the trial court, applying the rule as it then stood in this jurisdiction, denied defendant's objection to the admission in evidence of prior convictions as relevant to credibility. We need not hold that *Luck* may never be applied to a case tried before it was rendered, but here, as we said with respect to the matter previously discussed, the admission of the evidence objected to, considered with the evidence as a whole, does not justify reversal.

3. As to the denial of defendant's motion for a new trial, we find, on the basis of the showing made in support of the motion, no abuse of discretion by the trial judge.

Affirmed.