**Travis Truman LOTT, Jr., Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21368.**

United States Court of Appeals
Ninth Circuit.

Jan. 15, 1968.

John Kerr Wilson, Santa Barbara, Cal., for appellant.

William Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Criminal Division, William J. Gargaro, Jr., Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and MERRILL, Circuit Judges, and SOLOMON, District Judge.

SOLOMON, District Judge:

Appellant, Travis Truman Lott, Jr., was indicted and convicted by a jury of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). The sole issue in this appeal is whether the trial court erred in permitting an F.B.I. agent to testify in rebuttal about statements made by Lott to him while in custody after the United States Commissioner postponed the hearing to permit Lott to obtain counsel.

At the trial, four bank employees identified Lott as one of the men who robbed the bank. They testified that Lott and his accomplice forced them into a back room, required them to lie on the floor, removed $5,163.31 from the vault, and departed. When one of the employees heard the outside door close, he stood on a chair and saw the getaway car going south. He called the police. The police immediately broadcast the descriptions of the robbers and the car.

An officer testified that when he heard the broadcast he parked his patrol car about one mile south of the bank. When he saw a car and two men that answered the descriptions, he drove his car alongside and motioned Lott to stop, but Lott suddenly turned a corner and sped away. After a high-speed, zigzagging chase during which the officer fired five shots, Lott crashed into a parked car. Lott and his accomplice fled in different directions. The officer fired another shot in an attempt to stop them, but he did not pursue them because the money was in the wrecked car.

Another officer testified that he arrested Lott about four blocks from the

scene of the crash. Lott was perspiring and his breathing was not normal.

Lott testified that he and two of his friends went to the racetrack in his automobile on the day of the robbery. When they left the track, Lott went to his sister's house while his friends took the car on an errand. When his friends did not return, Lott decided to walk to Culver City to see what they were doing. He was arrested while looking for them.

In rebuttal, the government called an F.B.I. agent who had questioned Lott after the United States Commissioner continued Lott's hearing to enable Lott to retain counsel. The agent told Lott that he could remain silent, that anything he said could be used against him, that he could consult an attorney before talking to the agent, and that if Lott did not have an attorney one would be appointed for him. Lott told the agent that he was well aware of his rights and that it would not be necessary for him to talk to an attorney before talking to the agent. The agent then testified, without objection, that Lott told him that his car had been stolen on the day of the robbery and that he was looking for a policeman to report the theft at the time he was arrested.

■ Lott contends that the admission of the agent's testimony was reversible error. Lott's trial was concluded on April 12, 1966. The disposition of this appeal is controlled by Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (decided June 13, 1966), is not retroactive. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1826, 16 L.Ed.2d 882 (1966).

Lott relies on Queen v. United States, 118 U.S.App.D.C. 262, 335 F.2d 297 (1964). In Queen, the police questioned the defendant during a continuance granted to enable the defendant to obtain counsel. The police advised the defendant of her right to remain silent and told her that any statement she might make could be used against her, but the police did not advise her of her right to counsel. The Court concluded that the admission of the defendant's statement violated her constitutional right to counsel.

The Queen decision was not followed in United States v. Hensley, 374 F.2d 341 (6th Cir. 1967), another pre-Miranda decision. The Court held that the defendants' confessions, made after the Commissioner's hearing, were admissible even though the defendants were not specifically advised of their right to have counsel present or their right to have counsel appointed.

Lott also relies on United States v. Guerra, 334 F.2d 138 (2nd Cir. 1964); Ricks v. United States, 118 U.S.App. D.C. 216, 334 F.2d 964 (1964); and Johnson v. United States, 120 U.S.App. D.C. 69, 344 F.2d 163 (1964). In none of these cases does it appear that the police advised the defendants of their right to counsel.

Here, the agent testified that he advised Lott of his constitutional rights, including his right to consult with counsel and his right to have counsel appointed. Even though there was no objection to the agent's testimony, the trial court specifically found that Lott had been fully and properly advised of his constitutional rights and that his statements were voluntary.

■ Lott was not denied his constitutional right to counsel, and the admission of the agent's testimony was not error. Lott freely and voluntarily waived his right to counsel. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); United States v. Plata, 361 F.2d 958 (7th Cir. 1966).

Affirmed.