**David Lee WILLIAMS, Terry Donald Martin and Donna Lee Cook, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 23517.**

United States Court of Appeals Fifth Circuit.

March 15, 1968.

Rehearing Denied May 2, 1968.

G. Wray Gill, Sr., George M. Leppert, New Orleans, La., for appellants.

Charles K. Ruth, Jack McAdams, Asst. U. S. Attys., Beaumont, Tex., Wm. Wayne Justice, U. S. Atty., for the Eastern Dist. of Texas, Tyler, Tex., for appellee.

Before COLEMAN, AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

Appellants Williams, Martin and Cook were found guilty by a jury of kidnapping Carol Ann McGill and transporting her in interstate commerce from Port Arthur, Texas, to Metairie, Louisiana. Williams and Martin received twenty-year sentences and Cook five years.

Carol Ann McGill, age 19, admittedly a former prostitute, was forcibly taken from her grandparents' home at Port Arthur, Texas, where she resided with them and her two young children, shortly after midnight January 1, 1965. She had worked as a prostitute for appellant Williams prior to this time. On the night in question, Williams picked her up from a couch where she was sleeping and after much screaming, crying and protesting, and with the assistance of appellants Martin and Cook, the girl was dragged into an automobile. They drove all night to Metairie, Louisiana, to an apartment and when appellants fell asleep, the victim fled and summoned police.

Insufficiency of the evidence to warrant the jury's verdict is not at issue,

but appellants assign as error the admission by the trial court of evidence by Texas Deputy Sheriff Curnan that appellant Williams admitted to him that he was a pimp. Also assigned as error is the alleged inflammatory and prejudicial conduct of the prosecutor during voir dire examination and during the trial. We find no merit in either contention.

 When appellants were arrested, they were returned to Texas and incarcerated in the Jefferson County, Texas, Prison where Deputy Sheriff Curnan was employed as a fingerprint technician. Curnan testified that during routine fingerprinting, "mugging" and obtaining vital statistics information appellant Williams voluntarily told him he was a pimp. Objection was made that no predicate had been laid by the prosecution for the admission of this evidence, which is said to be in violation of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *Miranda* is not applicable as the trial of these defendants occurred on February 23, 1966, and the *Miranda* principles are available only to persons whose trials began after June 13, 1966. See Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed. 2d 882 (1966). Since Williams' statement was totally voluntary and made during routine prison fingerprinting, "mugging" and identification, his statement is admissible without the necessity of the customary constitutional warnings, such as those stated in *Escobedo*. See United States v. Feinberg, 2 Cir., 1967, 383 F.2d 60, 69; United States v. Kelly, 2 Cir., 1932, 55 F.2d 67, 83 A.L.R. 122; and Schmerber v. State of California, 384 U.S. 757, 763, 764, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908 (1966). The evidence is quite clear that Williams had been a pimp for both Carol Ann McGill and another girl.

 We also find no merit in the argument about the prosecutor's conduct during the voir dire examination and during the trial. We have carefully reviewed this assignment of error, and a fair reading of the record does not convince us that there was error or abuse which affected appellants' substantial right to a fair trial or would justify reversal. Leary v. United States, 5 Cir., 1967, 383 F.2d 851. The evidence of appellants' guilt in this sordid and violent drama was overwhelming and indisputable.

The judgment is affirmed.