UNITED STATES of America,
Appellee,

v.

Billy Ray TUCKER, Appellant.

No. 13020.

United States Court of Appeals
Fourth Circuit.

April 15, 1969.

James J. Booker, Winston-Salem, N. C., Court-appointed counsel, for appellant.

William H. Murdock, U. S. Atty. (Richard M. Dailey, Jr., Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and CRAVEN, Circuit Judges.

PER CURIAM:

■ Billy Ray Tucker appeals his conviction of transporting a stolen motor vehicle in interstate commerce, knowing it to have been stolen, in violation of 18 U.S.C. § 2312. The evidence is amply sufficient to sustain the conviction. On September 11, 1967, the defendant was arrested in Norfolk, Virginia, and charged with the interstate transportation of a 1963 Ford Thunderbird. It is conceded that he was properly warned. In response to inquiry about the Thunderbird, the defendant volunteered the circumstances of the theft and transportation of a 1966 Ford Galaxie, the transportation of which forms the basis for the present indictment and conviction. Several months later the defendant was arrested and charged with the interstate transportation of the stolen 1966 Ford Galaxie. At the time of his subsequent arrest, he was not given the *Miranda* warnings, but neither did he make any statement, or, if he did, it was not used against him.

■ Nothing in *Miranda* or its progeny prevents investigating officers who have properly warned a defendant from listening to a voluntary narrative of another offense which is not even under investigation. As for the failure to again give the *Miranda* warning at the time of the second arrest, it is absurd to suggest that the warning must be given although no questions are asked and no statements are sought to be used against the defendant.

Affirmed.