**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph Lee DOWELLS, Defendant-
No. 23139.**

United States Court of Appeals
Ninth Circuit.

Aug. 19, 1969.

Ron Bain (argued), Los Angeles, Cal.,
for appellant.

Arnold G. Regardie (argued), Asst.
U. S. Atty., Wm. Matthew Byrne, Jr.,
U. S. Atty., Robert L. Brosio, Asst. U. S.
Atty., Los Angeles, Cal., for appellee.

Before BARNES and CARTER, Circuit Judges, and THOMPSON, District
Judge.*

BARNES, Circuit Judge:

Appellant was charged and convicted
by a jury of robbing a national bank in
Pasadena, California, on January 15,
1968. His conviction rested on eye-witness identification and his confession.

During the trial, the trial judge had a
hearing as to the voluntariness of the
confession, and ruled it admissible. Four
grounds of inadmissibility of the confession were raised at the trial—but two are
waived on this appeal. The only questions now raised are: Was the confession
inadmissible because defendant was denied counsel? And, was it inadmissible
because defendant did not knowingly
waive right to counsel?

Prior to the date of the confession here
involved (confession of March 31, 1968)
appellant had been charged and arraigned on the charge of robbing another
national bank in Culver City, California,
on January 22, 1968. At his arraignment on March 20, 1968, on the January
22, 1968, robbery, he had asked for an
attorney, and one had been appointed for
him in that case.

While in jail awaiting trial, appellant
was questioned concerning the earlier,
but then uncharged Pasadena robbery.
He was given a full *Miranda* warning,
and thereafter read and signed a waiver
of his rights.

At no time during the interview did he
request an attorney. The appellant himself confirmed this fact. (R.T. 684–85.)

The waiver was signed with full knowledge that he could have an attorney if he
desired one. He had asked for one and
his request had been granted in a different matter less than thirty hours before. We can only conclude his March
31st, 1969, confession was voluntary.

---

* Hon. Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation.

Appellant suggests that perhaps the police officers should have urged defendant to obtain an attorney, or that, knowing he had an attorney in another case, they should have called him into this investigation.

*Miranda* does not require such solicitude, and as the Government suggests, if the Court in *Miranda* had felt that no suspect should be interviewed by the police under any or all circumstances until he had first talked with a lawyer, it could, and surely would, have so stated.

A suspect still has the right to waive counsel, and we think that such a case has been clearly proved by the record before us; and that defendant's waiver was knowingly and voluntarily made.

This case is controlled by Coughlan v. United States, 391 F.2d 371 (9th Cir. 1968), a stronger case for the appellant than here because in *Coughlan* the suspect had had a lawyer appointed for him in the case being investigated. The dissent by Judge Hamley in *Coughlan* states the interrogation therein "*would have been entirely proper if Coughlan had not already told* [the officers], four days previously, that he did not wish to make a statement, *and* if the officers had not known that Coughlan *then had appointed counsel* to assist him in *this* criminal proceeding." (Emphasis added.) For this reason and because of Judge Hamley's subsequent majority opinion in Reinke v. United States, 405 F.2d 228 (1968), we hold with the majority on each of those panels that there has been no denial of counsel because there had been a knowing and knowledgeable waiver of counsel. Cf. Wilson v. United States, 398 F.2d 331 (5th Cir. 1968).

Queen v. United States, 118 U.S.App. D.C. 262, 335 F.2d 297 (1964), relied on by appellant is, of course, not binding on this Circuit, and we distinguish it because the interview there took place *after* an attorney had been requested and ordered for the suspect *in the case under investigation,* but had not been available to the suspect before the time of his secret interrogation.

Affirmed.