Larry Grant **BOWRING**, Petitioner,

v.

**J. D. COX, Superintendent of the Virginia State Penitentiary, Respondent.**

Civ. A. No. 69–C–81–A(R).

United States District Court,
W. D. Virginia,
Roanoke Division.

Dec. 31, 1970.

R. Roy Rush, Roanoke, Va., Court appointed attorney, for petitioner.

Vann H. Lefcoe, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION

WIDENER, District Judge.

Petitioner seeks relief by way of writ of habeas corpus from a December 31, 1968 conviction in the Hustings Court of the City of Roanoke for attempted robbery, for which he was sentenced to five years in the penitentiary.

He sets out the following grounds:

(1) A *prima facie* case was not established by the Commonwealth.

(2) The testimony of the prosecutrix was uncorroborated.

(3) The evidence was insufficient to convict him and did not support the verdict.

(4) The trial court sentenced him " * * * inconsistent with the procedures of sentencing with respect to like cases."

(5) The identification of petitioner was based on a photograph shown to prosecutrix to "prime her."

The court has read the entire state court record, which consists of the transcript, exhibits, and various court papers, including the Assignments of Error. In addition, the court has procured a copy of the petition for writ of error, and, having read it, makes it a part of the record in this proceeding. The record contains a full development of the facts upon which petitioner relies. In this court, he was granted an *ore tenus* hearing but stated at the hearing he wished to rely on the record.

The facts show that petitioner attempted to rob, almost directly under a street light, a 19-year-old nurse as she left her work in Roanoke at about 11:00 p. m. He grabbed her and told her he had a gun. When he opened her purse, there was nothing of value so he fled.

Having rejected fifteen photographs of other people on one day, the nurse identified accused from a sixteenth photograph shown her the next day, and positively identified him at the trial. He was also identified by the nurse at a live lineup at which petitioner was accompanied by his attorney. A somewhat fuzzy photograph of the lineup is on exhibit. The photograph and the testimony show that the lineup was fair.

■ Grounds (1), (2), and (3) of petitioner, all of which concern the sufficiency of the evidence, are not grounds for habeas corpus relief. Not only, in the opinion of this court, was the evidence sufficient to support the finding of guilty, it was not " * * * so totally devoid of evidentiary support as to raise a due process issue." Grundler v. North Carolina, 283 F.2d 798, 801 (4th Cir. 1960). See also Burgess v. Warden, Md. House of Correction, 284 F.2d 486, 488 (4th Cir. 1960).

■ The court has read and re-read the record of petitioner's sentencing and considers the fourth ground frivolous. The state court was meticulous in its adherence to proper procedures, and the punishment was within the statutory limits. Va.Code §§ 18.1–16, 91.

■ To give petitioner the benefit of any doubt, the court will assume that his fifth ground seeks here to reach the due process issue raised in Palmer v. Peyton, 359 F.2d 199 (4th Cir. 1966), and United States ex rel. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1968) as to identification. If this be true, the issue was not raised at trial, and it was not raised on petition for a writ of error. Petitioner has not exhausted his state remedies as required by 28 U.S.C., § 2254, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

An order is this day entered dismissing the petition.