UNITED STATES of America,
Plaintiff-Appellee,

v.

Carl William POWERS, Defendant-Appellant.

No. 28933.

United States Court of Appeals,
Fifth Circuit.

May 12, 1971.

Doyle W. Curry, Marshall, Tex., for defendant-appellant.

Roby Hadden, U. S. Atty., James W. Knowles, Asst. U. S. Atty., Tyler, Tex., for plaintiff-appellee.

Before WISDOM, Circuit Judge, DAVIS*, Judge, and GOLDBERG, Circuit Judge.

DAVIS, Judge:

Tried with several others, appellant Powers was convicted of attempting to escape from federal custody (in violation of 18 U.S.C. § 751(a)) and of conspiring to escape and to aid federal prisoners to escape (in violation of 18 U.S.C. § 371). The proof was that, while held in lawful custody in the Harrison County (Texas) Jail by an authorized representative of the Attorney General, he and other prisoners tried to escape by cutting a hole in the jail wall. His appeal argues only two alleged errors.

The first claim concerns the admission at the trial of a statement made by appellant to a jailer (Weldon) at the jail. Weldon, a prosecution witness, testified when he was recalled for cross-examination by the defense that, some two days after discovery of the hole and the search of the area in which Powers and the others were incarcerated, a prisoner spoke to him, while he was in that area. This man, who was Powers, reported that there were some scratches around the mirror. On redirect examination by the Government, Weldon testified that what Powers had actually said to him was: "You had better come in here and check this mirror. We've been working on it, too; around this mirror. We've been working on it, too." Appellant argues that this testimony, which was unsuccessfully objected to, was improperly admitted because Powers' statement amounted to a confession or inculpatory admission which should have been subjected to scrutiny for voluntariness, as well as for compliance with the requirements of Miranda v. United States, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), before the jury was allowed to hear it.

■■ We hold that Powers' admission could properly be considered by the jury. First, this was not an instance calling for the *Miranda* warnings. The record shows unmistakably that appellant's statement was not elicited as the result of any interrogation or questioning by Weldon or anyone else, or as the product of coercion of any kind, but rather was volunteered to Weldon while the latter was in the area of the attempted break and where the prisoners were kept. The *Miranda* rules do not forbid the admission into evidence of spontaneously volunteered confessions or statements by prisoners held in jail, concerning an attempted escape from that jail, simply because they happen, as prisoners, to be already in custody. The Supreme Court's stress was on interrogation, and not on truly "volunteered statements of any kind". See Miranda v. Arizona, 384 U.S. 436, 444, 467–468, 471, 478, 479, 86 S.Ct. 1602, 1612, 1624, 1626,

---

* Honorable Oscar H. Davis, U. S. Court of Claims, sitting by designation.

1630, 16 L.Ed.2d 694, 706, 720, 722, 726, 727 (1966); Mathis v. United States, 391 U.S. 1, 4–5, 88 S.Ct. 1503, 1505, 20 L.Ed.2d 381, 384–385 (1968); *cf.* 18 U. S.C. § 3501(d) (Supp. IV 1965–1968).

■ Second, the trial court protected appellant's rights by making a finding (out of the jury's presence), after the statement was admitted, that it was in fact voluntary and should not be stricken. At that time, counsel had the opportunity to develop the circumstances of the admission, and then the court determined (after further questioning Weldon) that Powers' statement was voluntary and "a spontaneous outburst", and therefore admissible. This procedure fulfilled any requirements imposed in these circumstances by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) and Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967). Though voluntariness hearings normally precede admission of the disputed statement, the special conditions surrounding the way Powers' declaration came into this case warranted the trial judge in adopting the practice he did. *Cf.* Pinto v. Pierce, 389 U.S. 31, 88 S. Ct. 192, 19 L.Ed.2d 31 (1967); United States v. Feinberg, 383 F.2d 60, 69–71 (C.A. 2, 1967). On this record, moreover, there is no doubt that the finding of voluntariness is sustainable. *Cf.* Williams v. United States, 391 F.2d 221, 222 (C.A. 5), cert. denied, 393 U.S. 830, 89 S.Ct. 97, 21 L.Ed.2d 100 (1968).

■ Third, the prosecution did not act unfairly in eliciting Powers' statement from jailer Weldon. The Government assured the court before trial that it had no statements from Powers and expected to use none, but the record shows that the prosecutor only found out about the admission involved here after the Government had already rested its case, and just before Weldon was recalled by the defense for further cross-examination. It was the defense, in the course of this cross-examination, which deliberately brought out the fact that Powers had made a report to Weldon about the mirror. On re-direct, the prosecution merely asked for the precise terms of this report. In the circumstances, this was not an unfair tactic but an effort to place all the facts before the jury.

■ The other alleged error was raised by appointed counsel at oral argument, by direction of the appellant, although the issue had not been briefed. This was that Powers was denied counsel of his choice. Originally, the District Court appointed one attorney to represent both appellant Powers and one of the other defendants, Thomas. On Thomas's representation that there might be a conflict between his interests and those of Powers, another lawyer (Doyle Curry, Esq.) was appointed for the latter. This substituted attorney had at least a week within which to prepare before the trial commenced; he lived in the county where the trial was held and where appellant was in custody. At the opening of the trial, without any prior intimation to the court, newly retained counsel appeared and moved for a continuance on the ground that he had just been employed and was at that time engaged on trial in a state court. After ascertaining the facts as to this retention of private counsel, the trial judge denied the continuance and maintained appointed counsel, but allowed retained counsel to participate if he desired. In the circumstances, we find no error and no denial to appellant of counsel of his choice. Appellant and his family knew for at least a week when the trial was scheduled and that the court had appointed Mr. Curry, but made no effort, until the very morning of the trial, to retain other counsel. The appointed counsel had had sufficient time to prepare for trial, and the judge was satisfied as to his preparation and ability. The trial was a joint one, and other defendants and counsel, as well as the prosecution, were involved. This being the situation, it was not an abuse of discretion to deny a continuance, nor was it, either in form or in substance, a denial to appellant of the right to have counsel of his own choice.

The judgment is

Affirmed.