Marvin K. **COOK**, Petitioner,

v.

**J. D. COX**, Superintendent, Virginia State
Penitentiary, Respondent.

Civ. A. No. 71–C–3–L.

United States District Court,
W. D. Virginia,
at Lynchburg.

July 19, 1971.

Marvin K. Cook, pro se.

James E. Kulp, Asst. Atty. Gen.,
Richmond, Va., for respondent.

## OPINION

WIDENER, District Judge.

Pursuant to the provisions of 28 U.S.
C. § 2241, Marvin K. Cook, a state con-
vict, has filed a petition in forma pau-
peris requesting relief by way of habeas
corpus from his imprisonment.

On July 10, 1969, in the Corporation
Court of the City of Lynchburg, peti-
tioner was convicted of feloniously alter-
ing a motor vehicle registration card,
and as a result thereof, was sentenced
by a jury to one year in the state peni-
tentiary. This conviction, on the same
issues here presented, was affirmed by
the Virginia Supreme Court on April 28,
1970. Petitioner has exhausted his state
remedies.

Petitioner alleges that his constitu-
tional rights were violated in the trial
court because his statement to an officer
and the registration card to the auto,
which he says were obtained in violation
of the *Miranda* rule, were admitted into
evidence.

Petitioner was arrested on June 4,
1969 by Sergeant Snow of the Lynch-
burg, Virginia Police Department on an

escape charge from another jurisdiction. He was placed in the city jail that same day. Several months prior to this arrest, he had been stopped by other Lynchburg police officers while operating a motor vehicle with expired North Carolina license plates. He was issued a traffic summons for this offense. After his arrest, the police discovered the expired North Carolina plates were still on this vehicle, but that they had been partially altered and repainted so as to make them appear to be current and valid North Carolina plates. The car was impounded shortly after petitioner's arrest on the escape charge.

On June 6, 1969, two days after the arrest for escape and while in jail on the escape charge, petitioner, who had heard that the officers were checking on the ownership of the vehicle with the altered plates, obviously to determine if it were stolen, asked the jailer to contact Sergeant Snow and have him come to the jail. The police had impounded the car at this time. Snow's testimony concerning this interview is taken from the trial transcript:

"When I walked into the room I spoke to him and asked him why did he want to see me and he said, 'I want to know why you all brought my car in', and I told him and I said, 'You know why', and he said 'I reckon it is that tag', and I said, 'all right', and he said 'if it is the tag', he said, 'then I am declaring the 5th and I want a lawyer', and I told him that I was not interested in the tag at that particular time, that I wanted to know who actually owned that automobile, and he told me that the car belonged to him, and I asked him for proof and he asked one of the deputies of the jail would they get him his pocketbook. They got him his pocketbook and he taken out of the pocketbook the registration card with the license number that I previously had and handed it to me and stated that that was his automobile and that he and his wife had put the car in an assumed name so

that he could obtain insurance and license for the car.'

'He stated that he changed the dates at the top.'

'He changed it to 1970.'"

The trial transcript further discloses that at the time of the above conversation the police department thought the automobile in question was stolen.

The questions in this case are whether or not petitioner's statements and admissions pertaining to the altered registration card were volunteered so as to be beyond the scope of the *Miranda* rule, and whether the card itself was inadmissible.

The state records which are before this court disclose all the pertinent factual matters necessary for the determination of the petitioner's contentions. Thus, no further hearing is required. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

In Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the court declared:

"In dealing with statements obtained through interrogation, we do not purport to find all confessions inadmissible. Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody *is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. * * * Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today.*" 384 U.S. 436, 478, 86 S.Ct. 1602, 1630 [Italics added.]

By his own admission, the petitioner requested the conference with Sergeant Snow. Again, at the petitioner's request, his pocketbook was brought to him and he voluntarily gave the regis-

tration card to Snow, attempting to persuade him that the automobile was not stolen.

The testimony of the petitioner as to the conversation with Sergeant Snow does not vary in any considerable detail from Snow's version, and essentially demonstrates that the statements were voluntary. The petitioner declared: "Well, I will try to help you find out it's not stolen." In volunteering the information, and producing the altered registration card, the petitioner removed such statements from the scope of protection of *Miranda*. Massie v. Commonwealth, 211 Va. 429, 177 S.E.2d 615 (1970); Penn v. Commonwealth, 210 Va. 242, 169 S.E.2d 427 (1969). Such voluntary information was properly admitted in his trial.

The record before this court is void of any indication that petitioner was unduly influenced or subjected to police interrogation which would make inadmissible the registration card which the petitioner voluntarily produced. In any event, the card, as distinguished from the conversation, was not testimonial in nature. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

Petitioner was told by his girlfriend that the police were checking to see if the car was stolen. Sergeant Snow testified on cross examination that he did not know about any charges that would be against the petitioner with reference to the license plate, and he was there at petitioner's request. Snow could not have suspected that petitioner was upon the verge of producing a registration card which would ultimately lead to the petitioner's conviction on a charge of which he was not even suspected. Under such facts and circumstances, the production of the card was not the result of police prompting during custodial interrogation and the evidence was not inadmissible because of failure to give prior warning of right to counsel and right to remain silent. The evidence in the trial court clearly showed that the police were investigating the possibility that the car had been stolen, due to the alteration of the license tags.

The Fifth Circuit has, in very similar circumstances, recently considered the problem presented here. There, a man who had been arrested for drunkenness spontaneously confessed to stealing a U. S. mail bag. That court stated that *Miranda* warnings need not be given so far as they relate to the spontaneous confession of another crime of which the defendant was not previously suspected. Gilpin v. United States, 415 F.2d 638, 639, n. 2 (5th Circuit, 1969).

Had the petitioner been prosecuted for possessing a stolen car or stealing the car, then the conversation with Sergeant Snow might very well be inadmissible under *Miranda*, but that situation is not presented.

It is worthy of mention that petitioner was aware of his rights prior to talking to Snow. When he declared "If it is the tag, then I am declaring the 5th and I want a lawyer," he indicated his knowledge of his right to remain silent and to have advice of counsel. It was subsequent to this that he declared: "Well, I will try to help you find out it's not stolen." Such declarations do not indicate a naive, uninformed suspect who is undergoing intensive interrogation by the police, but rather a voluntary willingness to exculpate oneself from suspicion of stealing an automobile.

An order is this day entered dismissing the petition.