**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Glen Vern TROSPER, Defendant-
Appellant.**

**No. 30361
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 1971.

Ralph E. Sistrunk, Jacksonville, Fla. (Court appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Joseph W. Hatchett, Robert S. Yerkes, Asst. Attys., Jacksonville, Fla., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Trosper appeals from a judgment entered upon a jury conviction for receiving property knowing it to have been

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**320**

stolen from the Veterans Administration Hospital, Lake City, Florida, in violation of 18 U.S.C.A. § 641. We affirm.

■ Only several of the numerous errors urged on appeal require comment. Defendant initially argues that the trial judge erroneously denied his motion for acquittal based on insufficiency of the evidence. Taking the view most favorable to the Government, Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680, we find that substantial evidence exists to support the jury's verdict of guilty. United States v. Hill, 5 Cir. 1971, 442 F.2d 259; United States v. Reid, 5 Cir. 1971, 441 F.2d 1089; United States v. Warner, 5 Cir. 1971, 441 F.2d 821; United States v. Andrews, 5 Cir. 1970, 431 F.2d 952.

During trial the following colloquy occurred between the prosecutor and Government witness Patterson, a detective with the Jacksonville Sheriff's Office:

Q. All right, sir. What, if anything, did [defendant] state, regarding the [property]—when did the conversation take place?

A. It was several months after October the 24th, 1969.

Q. And where did the conversation take place?

A. Inside the Duval County Jail, where he was at.

Q. Did you initiate the conversation, or did he?

A. No, sir; he did.

Q. What did he tell you, sir?

A. He had sent for me on several occasions—

[DEFENSE COUNSEL]:

Your Honor, I object to that as being irrelevant, immaterial and improper foundation for that particular question.

THE COURT:

Objection overruled.

BY [PROSECUTOR]:

Q. You may answer, sir.

A. He had asked to see me on several occasions; and on these particular occasions, I had not been able to get over to see Mr. Trosper. So on one occasion, I happened to be inside the jail and ran into Mr. Trosper, who was on the main floor of the jail; and he asked me, would I talk to Judge Grainger about getting his sentence cut, *so that he could go ahead and get his Federal time over with,* and get all straightened up. (emphasis added).

At this point defense counsel made an objection to the italicized portion of the witness' answer, which was overruled.

■ It is clear that the witness' answer was responsive to the last question asked by the prosecutor: "What did he tell you, sir?" Moreover, unlike the testimony in United States v. Poston, 6 Cir. 1970, 430 F.2d 706, the statement here related to the offense for which defendant was charged. Finally, it is well settled that an unsolicited remark by a defendant, not in response to any interrogation, does not fall within the rule of Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The trial court correctly ruled that the witness' statement was admissible in evidence. United States v. Powers, 5 Cir. 1971, 444 F.2d 260.

■ Defendant's next contention that the Government knowingly used perjured testimony gives us little pause. There is not a shred of evidence to support this argument. Jackson v. United States, 5 Cir. 1967, 384 F.2d 375.

Finally, we have carefully considered the attack upon the trial court's supplemental charge and find the charge to be without error. Trosper's other points on appeal are without merit.

Affirmed.