**Thurston James MASSIE, Petitioner,**

v.

**COMMONWEALTH OF VIRGINIA, Respondent.**

**Civ. A. No. 72–C–23–L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

Sept. 11, 1972.

Thurston James Massie, pro se.

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION

WIDENER, Chief Judge.

On July 25, 1968, petitioner was tried by a jury in the Circuit Court of Am-

herst County, Virginia, on a charge of statutory burglary. The jury found petitioner guilty and fixed his punishment at two years in the state penitentiary.

Petitioner appealed his conviction to the Supreme Court of Virginia. The court denied his petition for a writ of error and affirmed the trial court's judgment. Massie v. Commonwealth, 211 Va. 429, 177 S.E.2d 615 (1970).

He now petitions this court for relief from his sentence by way of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). The substance of his grounds for relief are as follows:

(1) That the trial court erred in admitting into evidence at petitioner's trial his confession to Deputy Sheriff Foster because petitioner did not knowingly, intelligently, and voluntarily waive his right against self-incrimination.

(2) That his confession should not have been admissible because he was denied his right to the assistance of counsel when the confession was obtained.

(3) That the trial court erred in failing to strike the Commonwealth's evidence, in refusing to set aside the verdict, and in entering judgment thereon because the evidence was insufficient to support such a verdict and judgment.

The record of petitioner's trial shows that prior to his trial there was a suppression hearing with respect to the confession and the trial court determined that the confession could be used by the Commonwealth. The grounds petitioner's counsel raised at the suppression hearing [1] were the same ones presented

---

1. Petitioner's counsel, at the suppression hearing, moved the court to exclude petitioner's confession, contending it had been obtained in violation of his right to counsel and he did not voluntarily, knowingly, and intelligently waive his rights against self-incrimination. In support of this, a report of a psychiatric examination of the petitioner by Dr. Benedict Nagler was introduced. Dr. Nagler concluded that,

although he did not consider petitioner incompetent, he did not believe he was able to "grasp the complicated meaning as to waiving his rights and having the right of not having to answer any inquiries without the presence of his lawyers." Although petitioner's counsel might have sought to introduce this report or evidence by the physician at the trial to show the jury the mental character of his client,

to and disposed of by the Virginia Supreme Court on appeal[2] and are the same ones raised in the present petition for habeas corpus. Petitioner has, therefore, exhausted his state remedies as required by 28 U.S.C. § 2254.

On direct appeal, the Supreme Court of Virginia found the following facts: That the petitioner was being held in the Amherst County jail for the Nelson County Sheriff's office and that no charges were then pending against him in Amherst County; that the petitioner sent Deputy Sheriff Foster a message that he wanted to talk with him and, pursuant to this request, was taken to the Sheriff's office, where he was informed of his constitutional rights; that the petitioner then initiated the conversation with Deputy Foster by asking to be taken back to the Nelson County jail so he could talk with his girl-friend, who was incarcerated there; that Deputy Foster advised him that they would take him back, but could not promise him anything, and that petitioner then continued talking and confessed to his participation in "the Bradley breakin;" that Deputy Foster knew nothing about the burglary until petitioner informed him about it; and that, without the confession, the Commonwealth could not have convicted the petitioner. Massie v. Commonwealth, supra.

■ The above findings of fact by the Supreme Court of Virginia are supported by the record and presumed to be correct. 28 U.S.C. § 2254. However, it is necessary for this court to make an independent determination of the legal effect of these facts upon which petitioner's claims rest. Hamric v. Bailey, 386 F.2d 390 (4th Cir. 1967).

In United States v. Tucker, 409 F.2d 223 (4th Cir. 1969), the court said: "Nothing in *Miranda* or its progeny prevents investigating officers who have properly warned a defendant from listening to a voluntary narrative of another offense which is not even under investigation." 409 F.2d at 224. This view is further supported by the Fifth Circuit's decision in United States v. Powers, 444 F.2d 260 (5th Cir. 1971), where the court was of the opinion that the *Miranda* warnings were not required in the case of volunteered confessions and that such confessions were admissible into evidence. See also United States v. Trosper, 450 F.2d 319 (5th Cir. 1971).

In Cook v. Cox, 330 F.Supp. 1323 (W. D.Va.1971), this court held that, where a jail inmate asked to talk with the police and made certain statements to them, such statements were volunteered and not within the scope of *Miranda*, and were properly admitted into evidence against him at his trial. See also Penn v. Commonwealth, 210 Va. 242, 169 S.E.2d 427 (1969).

■ In the present case, the petitioner initiated the conversation with Deputy Foster and it was he who voluntarily confessed his involvement in "the Bradley breakin" to the deputy who knew nothing about the incident. There are no allegations by the petitioner nor any evidence in the record that the petitioner was coerced or forced in any way to make the confession. Therefore, petitioner's confession was a volunteered statement and not within the ambit of *Miranda*.[3] Thus, the petitioner's contention that he did not make a knowing, intelligent, and voluntary waiver of his

at least as to the weight and effect of the confession, he did not. Thus, the Nagler report will not be discussed any further.

2. Massie v. Commonwealth, supra.

3. In Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the court said:
"In dealing with statements obtained through interrogation, we do not purport to find all confessions inadmissible. Con-

fessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes

right against self-incrimination is without merit.

■ Petitioner's next contention is that his confession was obtained in violation of his right to the assistance of counsel. Apparently, he is claiming that the police cannot use a statement which is voluntarily made to them without any interrogation or prodding on their part unless the one confessing has a lawyer present. The court rejects this reasoning in light of the fact that the Supreme Court has specifically said: ". . . Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence." Miranda v. Arizona, supra, at 478, 86 S.Ct. at 1630. See also Coughlin v. United States, 391 F.2d 371 (9th Cir. 1968), cert. den. 393 U.S. 870, 89 S.Ct. 159, 21 L.Ed.2d 139 (1968); United States v. Dowells, 415 F.2d 801 (9th Cir. 1969).

In United States v. Dowells, the defendant had been charged with robbing a bank, was arraigned, and had had an attorney appointed to represent him in that matter. While he was in jail awaiting trial, he was questioned about another unrelated bank robbery. During this questioning, the defendant signed a waiver of his *Miranda* rights and confessed to the other robbery. Defendant then challenged the admissibility of this confession at his trial because he claimed he was denied the assistance of counsel. In rejecting defendant's claim, the Ninth Circuit said:

"Appellant suggests that perhaps the police officers should have urged defendant to obtain an attorney, or that, knowing he had an attorney in another case, they should have called him into this investigation.

"*Miranda* does not require such solicitude, and as the Government suggests,

to confess to a crime, *or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our*

if the Court in *Miranda* had felt that no suspect should be interviewed by the police under any or all circumstances until he had first talked with a lawyer, it could, and surely would, have so stated." 415 F.2d at 802.

This court believes that petitioner was not denied his right to counsel when he volunteered his confession to Deputy Foster and that the deputy had no duty to stop the petitioner and encourage him to obtain counsel before confessing to "the Bradley breakin." This court can find no support for the view the petitioner seeks to have the court accept. Thus, the court concludes that petitioner's contention that he was denied the right to assistance of counsel when his confession was obtained is not well taken.

■ Further, petitioner's claim that the evidence introduced at his trial was insufficient to support his conviction is also without merit. The record of petitioner's trial shows that the testimony of T. Worth Bradley, a part owner of the business premises broken into, and petitioner's confession referred to many similar items.[4] There was at least some evidence from which the jury could have found petitioner guilty, and this court need not inquire any further into the matter. Grundler v. North Carolina, 283 F.2d 798 (4th Cir. 1960); Holloway v. Cox, 437 F.2d 412 (4th Cir. 1971); Bowring v. Cox, 320 F.Supp. 687 (W.D. Va.1970).

■ The records which are before this court disclose all the pertinent factual matters necessary for the determination of petitioner's contentions. No further hearing is required. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L. Ed.2d 770 (1963).

An order is this day entered consistent with this opinion.

*holding today.*" 384 U.S. at 478, 86 S.Ct. at 1630. [Italics added]

4. See the Supreme Court of Virginia's opinion in Massie v. Commonwealth, supra.