## Commonwealth *v.* Fitzpatrick, Appellant.

*Evidence—Husband and wife—Proof of marriage.*

A conviction of a wife for adultery will not be set aside because the husband who was in court as a witness for his wife is called by the prosecution to prove the fact of marriage, and testifies to that fact without objection made by himself, although counsel for the prisoner objects that the husband had been called by compulsion.

Argued Dec. 2, 1901. Appeal, No. 235, Oct. T., 1901, by defendant, from judgment of Q. S. Schuylkill Co., Sept. T., 1901, No. 596, on verdict of guilty in case of Commonwealth v. Margaret Fitzpatrick. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Indictment for adultery. Before SHAY, J.

At the trial the prisoner's husband, who was in court as a witness on her behalf, was called by the prosecution to the witness stand, and the commonwealth offered to prove by him the fact of marriage between himself and the prisoner.

Objected to by defendant. The husband, Hugh Fitzpatrick, of Margaret Fitzpatrick, the defendant in the case, charged with adultery, is called by compulsion to testify to his marriage to the defendant, and this is objected to by the defendant for the reason, as the defendant asserts, it is testifying against his wife.

Objection overruled. Bill sealed.

The witness then testified to the fact of marriage, without objection, or without any request to be excused.

Verdict of guilty upon which the court passed judgment of sentence of a fine of $25.00, and imprisonment for eight months.

*Error assigned* was ruling on evidence as above, quoting the bill of exceptions.

*Edgar W. Bechtel,* for appellant.

*John F. Whalen,* for appellee.

PER CURIAM, December 16, 1901:

The act of 1887 provides, that either husband or wife shall

be competent to prove the fact of marriage in support of a criminal charge of adultery alleged to have been committed by or with the other. According to the construction contended for by the appellant, the statute simply deprives the accused or implicated party of the right to object to the admission of the testimony of her husband or his wife as to the fact of marriage, but does not deprive the latter of the right to refuse to give such testimony. We are unable to adopt this construction. The rule of the common law having been so far abrogated as to make a husband or wife a competent witness against the other in certain issues and as to a certain fact, he or she when called in such issue to testify as to such fact stands in the same situation as any other witness and can claim no other or greater privilege. Surely the party against whom the testimony is offered cannot object if the witness does not. The bill of exceptions does not show that the husband of the defendant objected, or requested to be excused from testifying to the fact of marriage, and, of course, we can consider nothing but what appears therein. So that in any view of the law the court committed no error in admitting the testimony.

The second assignment of error was not pressed for the reason that the clerical error in recording the sentence was duly corrected by the court.

The judgment is affirmed and the record is remitted to the court below to the end that the sentence be carried into effect.