## WILLIAM J. CARR v. STATE.

No. A-4083. Opinion Filed Jan. 6, 1923.
(211 Pac. 423.)

(Syllabus.)

1. **Evidence—Corroboration of Accomplice—Rule Inapplicable to Woman Under Age of Consent Consenting to Incest.**—While a woman who consents to the crime of incest knowingly, voluntarily, and with the same intent which actuates the man is his accomplice, so that her testimony is governed by the law of accomplice testimony and requires corroboration in order to sustain a, conviction, such rule is not applicable where the prosecutrix was at the time of the commission of the offense under the age of consent.

2. **Incest—Evidence Sustaining Conviction.**—Evidence examined, and held sufficient to sustain the conviction.

3. **Witnesses—Incompetency of Wife—Waiver by Failure to Object.**—Where the wife of the defendant is permitted to testify against him in a prosecution for incest without objection on his part, he waives any objection to her competency as a witness against him known to him at the time.

4. **Same—Harmless Error in Incest Case.**—While the weight of modern authority is to the effect that in a prosecution for incest the wife is an incompetent witness against her husband, and there is some authority to the effect that on appeal her testimony should be disregarded, whether objected to or not, nevertheless in a prosecution for incest, where the prosecutrix is under the age of consent, and the wife's testimony only tends to corroborate the prosecutrix, the conviction will not be reversed, although the wife may have been an incompetent witness against her husband. Especially will this rule be invoked where the wife testified without objection, and where the evidence, independent of the wife's testimony, is sufficient to sustain the conviction.

5. **New Trial—Refusal—Newly Discovered Evidence—Lack of Diligence.**—Where evidence alleged to have been newly discovered could have with reasonable diligence been discovered prior to the trial, there is no abuse of discretion by the trial judge in overruling the motion for a new trial on this ground.

Appeal from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

William J. Carr was convicted of incest, and he appeals. Affirmed.

Crump, White & Seawel (John E. Williams, of counsel), for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, J.   On the 14th day of April, 1921, an information was filed by the county attorney of Muskogee county charging the defendant, William J. Carr, with the crime of incest, alleged to have been committed on his 11 year old daughter, Bertha Carr, on the 5th day of April, 1921.

On a trial in the district court of said county in the month of May, 1921, the defendant was convicted and sentenced to serve a term of 10 years in the state penitentiary.  The conviction is based on the testimony of Bertha Carr, the prosecutrix, Cora Carr, her mother, Dr. R. L. Allen and Dr. John E. Lee.

The prosecutrix testified to an act of sexual intercourse committed by the defendant on her on the 5th day of April, 1921, in the morning of said day, in a barn located in the rear of the premises where the Carrs resided in the town of Haskell, Muskogee county.   The wife of the defendant testified that she went to the barn that morning and saw the prosecutrix standing up at one end of the barn in a trough, with her clothes up, and that the defendant was standing up against and in front of her; that as soon as the defendant discovered that she was there he turned from her and commenced buttoning up his pants; that she immediately took the prosecutrix away and had the defendant prosecuted for this offense.

Drs. Allen and Lee both testified that the hymen of the prosecutrix had been perforated, and it did not appear to have

been recently done, and that the examination was made by them in the early part of April, 1921.

It is first contended that the verdict is contrary to the law and evidence and is not sustained by sufficient evidence. In this connection it is argued that the testimony of the prosecutrix is uncertain and unreliable as to the act of intercourse, and that she is not sufficiently corroborated.

While the testimony of the prosecutrix was elicited at times by the use of leading questions, it must be understood in this connection that she was of the tender age of 11 years, and an examination of the transcript of her testimony convinces the court that she was a person of at least average intelligence for such age, and that her testimony, if believed, was sufficiently definite and certain to establish the material elements of the offense. While a woman who consents to the crime of incest knowingly, voluntarily, and with the same intent which actuates the man is his accomplice, so that her testimony is governed by the law of accomplice testimony and requires corroboration in order to sustain a conviction, such rule is not applicable where the prosecutrix was at the time of the commission of the offense under the age of consent. 14 R. C. L. p. 37, § 7.

The evidence in this case is sufficient to sustain the conviction.

It is next contended that Cora Carr, wife of the defendant, was not a competent witness against him, under section 2699, Compiled Statutes 1921. The wife of defendant was permitted to testify for the state without objection by the defendant.

It is unnecessary in this case to decide whether in a prosecution for incest the crime is one committed against the

wife so as to make her a competent witness against her husband under section 2699, supra.

"It is clear that persons entitled to object to the competency of a witness may waive their objection and permit him to testify; and there is such a waiver where a witness is allowed to testify without objection though at the time the party knows of his incompetency." 28 R. C. L. p. 450, § 37.

See, also, Perez v. State, 8 Tex. App. 610; Rodriguez v. U. S., 198 U. S. 156, 25 Sup. Ct. 617, 49 L. Ed. 994; Standley v. Moss, 114 Ill. App. 612; Spence v. Repass, 94 Va. 716, 27 S. E. 583; Curtis v. Tyler, 90 Mo. App. 345; Com. v. Fitzpatrick, 18 Pa. Super. Ct. 529.

While the weight of modern authority is to the effect that in a prosecution for incest the wife is an incompetent witness against her husband, and also there is some authority to the effect that on appeal her testimony should be disregarded, whether objected to or not, nevertheless in this case the wife's testimony may be wholly disregarded and the conviction still stand because corroboration of the prosecutrix was not absolutely necessary.

Lastly, it is contended that a new trial should have been granted because of newly discovered evidence. We have carefully examined the record with respect to this assignment, and find that the evidence alleged to have been newly discovered could have, with reasonable diligence, been discovered prior to the trial. For such reason there was no abuse of discretion by the trial judge in overruling the motion for a new trial on this ground.

For reasons stated, the judgment of conviction is affirmed.

DOYLE, P. J., and BESSEY, J., concur.