## VERN BROTHERS v. STATE.

No. A-8218.   Jan. 30, 1932.
(7 Pac. [2d] 692.)

Frank Leslie, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called

defendant, was convicted in the district court of Tulsa county of the crime of robbery with firearms, and, upon failure of the jury to agree upon the punishment, the court assessed the same at imprisonment in the state penitentiary for a period of 20 years.

The plaintiff in error was charged with having robbed one Lonnelle Hovis of the sum of $174, the property of Morris Feenberg, doing business under the trade-name of the Morris Grocery; that Hovis was a delivery boy working for the Morris Grocery, and that he had collected, that morning, a little more than $174 from various customers; that defendant accosted Hovis on a street in Tulsa, near a viaduct, and got into the grocery truck and compelled Hovis to drive out to Mohawk Park, which is also in Tulsa county, and at the point of a pistol, and by putting Hovis in fear of his life from such weapon, defendant took from the person of Hovis the $174; that defendant was wearing a peculiar jacket; that when arrested defendant was in bed; that this jacket hung on a chair, and in the pocket of the jacket was a pistol.

The defense was an alibi.

The first assignment of error questions the sufficiency of the evidence to sustain the conviction.

It is unnecessary to cite authorities of this court to the effect that it is the conclusive province of the jury to determine what witnesses they will believe and what witnesses they will not believe; that the credibility of the witnesses and the weight to be given their testimony is exclusively for the jury. The jury does not have to accept as true the testimony of defendant's witnesses.

In Horn v. State, 13 Okla. Cr. 354, 164 Pac. 683, this court said:

"When the record discloses facts sufficient either to warrant an acquittal or to support a conviction, only errors of law will be reviewed."

Under a record such as the case at bar, this court will not weigh the evidence, but will sustain the judgment where there is any competent evidence that would warrant a conviction. Birdwell v. State, 22 Okla. Cr. 184, 210 Pac. 558; Johnson v. State, 22 Okla. Cr. 332, 211 Pac. 425.

The record containing sufficient competent evidence to warrant the jury in returning a verdict of guilty, the court did not err in overruling defendant's motion for a new trial upon that ground.

Defendant next contends that the trial court erred in overruling the motion for a new trial on the ground of alleged newly discovered evidence.

This motion was properly overruled: First, because there is no showing of diligence to discover this evidence nor to produce the witnesses at the time of trial; second, because the evidence is only cumulative of other testimony given at the trial; and, finally, because there is nothing in the record to indicate that, had this evidence been produced at the trial, it would likely have changed the result. See section 2754, C. O. S. 1921; Howey v. State, 9 Okla. Cr. 453, 132 Pac. 499; Penn v. State, 13 Okla. Cr. 367, 164 Pac. 992, L. R. A. 1917E, 668; Stilwell v. State, 18 Okla. Cr. 10, 192 Pac. 253; Carr v. State, 22 Okla. Cr. 371, 211 Pac. 423; Peters v. State, 35 Okla. Cr. 367, 250 Pac. 1032.

A careful examination of the record discloses that the defendant was given a fair and impartial trial, and that

the evidence supports the verdict of the jury. The cause is therefore affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.