**William George REINKE, Jr.,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22564.**

United States Court of Appeals
Ninth Circuit.

Dec. 20, 1968.

Rehearing Denied Jan. 22, 1969.

Edward C. Rapp (argued), Phoenix, Ariz., for appellant.

Edward E. Davis, U. S. Atty., Morton Sitver (argued), Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before HAMLEY and HAMLIN, Circuit Judges, and PLUMMER, District Judge *.

HAMLIN, Circuit Judge:

William Reinke was convicted in the United States District Court for the District of Arizona of interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. § 2312 (the Dyer Act). This court has jurisdiction over the appeal under 28 U.S.C. § 1291.

* Honorable Raymond E. Plummer, United States District Judge, District of Alaska, sitting by designation.

Appellant's sole contention on this appeal is that the trial judge erred by permitting an FBI agent, Kenneth Pless, to testify to certain statements made to him by the appellant after the appellant had been arrested. On January 3, 1967, appellant appeared with appointed counsel at a preliminary hearing before a United States Commissioner. At the preliminary hearing the appellant was advised by the Commissioner of his constitutional rights. Following the hearing, appellant was taken to the county jail by agent Pless to be photographed. Agent Pless had been present at the hearing and knew that appellant was represented by counsel. While the appellant was being photographed by agent Pless, he informed the agent that he would like to speak to him and get the matter "straightened out." Appellant testified that his decision to speak to the agent was his alone. Agent Pless informed the appellant of his rights to remain silent and to have counsel present, and had him sign a Waiver of Rights form.[1] Appellant then made statements connecting him with the stolen vehicle, and it is these statements which appellant now claims were erroneously admitted at his trial.

■ It is uncontroverted that the appellant initiated the conversation that produced the incriminating statements; that appropriate *Miranda* warnings were given by the agent; and that the appellant fully understood his *Miranda* rights. Nonetheless, Reinke contends that his statements were inadmissible. He argues that agent Pless knew that counsel had been appointed for him, and therefore Pless was obliged to contact his counsel and get his authorization to speak to the appellant before proceeding with the interview. We find this argument contrary to prior decisions and good policy, and we affirm the conviction.

Our decision that the statements made by appellant were admissible is squarely supported by language in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In *Miranda* the Court stated, "Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. * * * Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." 384 U.S. at 478, 86 S.Ct. at 1630. Here, the appellant had been warned several times of his *Miranda* rights. He made the statements without prompting or questioning from anyone. Under these circumstances, the statements clearly were voluntary within the meaning of *Miranda*.

When this case first came on for oral argument before this panel in June, 1968, we continued the case so that counsel could file supplemental briefs discussing the effects on the instant case of (1) the Ninth Circuit's decision in Coughlan v. United States, 391 F.2d 371 (9th Cir., 1968), cert. denied, sub. nom Coghlan v.

---

1.　　　"YOUR RIGHTS

"Before we ask you any questions, you must understand your rights.

"You have the right to remain silent.

"Anything you say can be used against you in court.

"You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.

"If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.

"If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.

"A lawyer will also be provided for you now, if you wish, by the Federal Public Defender's Office, Phoenix, Arizona, whom you may call at 253-7907.

"WAIVER OF RIGHTS

"I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me."

Signed WILLIAM G. REINKE, Jr."

**230**

United States, 393 U.S. 870, 89 S.Ct. 159, 21 L.Ed.2d 139; and (2) the passage by Congress of section 701 of Title II of the Omnibus Crime Control and Safe Streets Act of 1968. (Title 18, § 3501).

In *Coughlan*, supra, oral statements were testified to in court by police officers who interviewed the defendant in a jail interview room. The officers knew that the defendant was represented by counsel at the time of the interview, but counsel knew nothing about the interview. As is true here, the defendant in *Coughlan* was fully warned before he made any statements of his *Miranda* rights, but he waived those rights. The court (Judge Hamley dissenting) held that the statements made by the defendant during the interview were admissible into evidence, although it indicated disapproval of the practice of interviewing prisoners in the absence of their attorneys.

Thus, *Coughlan* is strong precedent for upholding the conviction in this case. In both cases a defendant represented by counsel knowingly waived his rights to remain silent and to have counsel present. In both cases the police knew that the defendant was represented by an attorney, but in neither was the attorney notified. Furthermore, in this case there was no formal police questioning. The appellant admits that he initiated the interview. The motivating force behind the confession was the appellant. We see no error in the admission of appellant's statements.

 We may rapidly dispose of appellant's other contentions. He urges that the statements were inadmissible because they were obtained in violation of Canon 9 of the Canons of Professional Ethics. That Canon provides in part that a lawyer should not communicate on the subject of controversy with a party represented by counsel, and that he should undertake to negotiate or compromise the matter only with counsel. Under the circumstances of this case we see no error.

 We do not reach the question of the constitutionality of section 701 of Title II of the Crime Control Act of 1968. The thrust of that section is to make voluntariness the sole criterion of the admissibility of a confession, using a "totality of the circumstances" test to determine the issue of voluntariness. However, the trial in this case had already been completed when this statute was passed, and the Government in its brief concedes that the statute should have prospective application only. Furthermore, here the appellant was given the *Miranda* warnings, so the Government need not rely on the more relaxed procedures of section 701. Therefore, section 701 is wholly inapplicable to the case at bar.

Conviction affirmed.

HAMLEY, Circuit Judge, concurs in the result.