**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Julian KATZMAN, Defendant-Appellant.**

**No. 71–2399.**

United States Court of Appeals, Ninth Circuit.

May 26, 1972.

J. David Franklin (argued) of Odorico & Franklin, San Diego, Cal., for appellant.

Donald F. Shanahan, Asst. U. S. Atty. (argued) Stephen G. Nelson, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before DUNIWAY and GOODWIN, Circuit Judges, and MURPHY, District Judge.*

PER CURIAM:

Julian Katzman appeals from a conviction for "bail jumping" in violation of 18 U.S.C. § 3150.

On July 29, 1970, Katzman was released on bail by the United States District Court for the Southern District of California. His trial was scheduled for September 8, 1970. Katzman went to Texas.

---

* The Honorable Thomas F. Murphy, United States District Judge for the Southern District of New York, sitting by designation.

Katzman met with his attorney in August, and discussed the possibility of obtaining a continuance of his trial. The trial was reset for October 20, 1970. Katzman lost contact with his attorney. A codefendant testified that he told Katzman the trial was reset for "September." Katzman testified that he thought it was "December." The attorney testified that he tried unsuccessfully five times between September 14 and October 10 to reach Katzman through a person Katzman had designated for that purpose. On September 17, 1970, Katzman did not appear for a hearing on a motion, and on September 24, 1970, forfeiture of the bond was ordered and a bench warrant was issued.

■ On November 24, 1970, Katzman approached two police officers in a Houston, Texas, bar and said, "I'm wanted by the F.B.I. in California for bank robbery. I want to give myself up. Let's have a drink." The officers verified with the F.B.I. that a warrant had been issued, and arrested Katzman. The officers testified that Katzman at that time was coherent and not inebriated.

The next morning, Katzman told an F.B.I. agent that he was aware of the October 20 trial date.

Katzman argues that the statements he made to the police officers on November 24 were made while in custody but before he had been warned of his constitutional rights. He says his statements the night of his arrest were inadmissible, and that they also taint the admissions he made the following morning to the F.B.I. after he had been warned of his rights.

Katzman voluntarily "let the cat out of the bag" by his statement to the police officers before they arrested him. United States v. Bayer, 331 U.S. 532, 540, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947); Cotton v. United States, 371 F. 2d 385 (9th Cir. 1967). There was no interrogation, custodial or otherwise, until after he had told the officers who he was and why he was "wanted."

On November 25, with full knowledge of his rights, he signed a written form which contradicts his present argument that he was unlawfully denied his right to have his attorney notified and available when he talked to the F.B.I. See Coughlan v. United States, 391 F.2d 371 (9th Cir.), cert. denied, 393 U.S. 870, 89 S.Ct. 159, 21 L.Ed.2d 139 (1968); Reinke v. United States, 405 F.2d 228 (9th Cir. 1968).

Katzman's contention that the evidence was insufficient is frivolous. See Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); Smith v. United States, 348 U.S. 147, 156, 75 S.Ct. 194, 99 L.Ed. 192 (1954).

■ His objection to a jury instruction is equally lacking in merit. Since his attorney was instrumental in drafting the instruction, and acquiesced in it, Katzman cannot now assign it as error. Fed.R.Crim.P. 30; Kaneshiro v. United States, 445 F.2d 1266, 1270 (9th Cir.), cert. denied, 404 U.S. 992, 92 S.Ct. 537, 30 L.Ed.2d 543 (1971). The instruction was not plain error.

Affirmed.