John Wesley MOLES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–437.

Court of Criminal Appeals of Oklahoma.

March 26, 1974.

Alfred M. Parsons, Shawnee, Mike Conaway, Legal Intern, for appellant.

Larry Derryberry, Atty. Gen., John L. Clifton, Dist. Atty., Stephen C. Lewis, Asst. Dist. Atty., for appellee.

## OPINION

BUSSEY, Judge:

John Wesley Moles, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court, Pottawatomie County, Case No. CRF–72–386, for the crime of Larceny of a Domestic Animal, After Former Conviction of a Felony; his punishment was fixed at fifteen (15) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The defendant was arrested on December 13, 1972, and charged with Larceny of a Domestic Animal. Legal counsel was appointed for his defense and defendant was released on bond. While awaiting trial, he was again arrested for an unrelated charge —Assault with a Deadly Weapon—on May 1, 1973. Upon his arrest on May 1, 1973, defendant was questioned in an intoxicated state and after an apparent suicide attempt. The defendant had taken a prescription of pills, and told the officers that "he wouldn't be there by morning." The officers contacted the doctor and druggists, both of whom said the pills would act as a laxative, but would not otherwise affect him.

During this interrogation, of which a recording was made, defendant made an alleged confession as to the charge of Larceny of a Domestic Animal. It was stipulated at trial that defendant had been fully advised of his rights. This confession was made without benefit, or knowledge, of defendant's appointed counsel.

An in camera proceeding was held by the trial judge to determine the voluntariness of the confession. The two officers testified that defendant did not stagger, seemed rational and fairly normal, and answered their questions directly. Defendant testified that he was drunk and could not remember. The judge found this confession to be voluntary and allowed it to be introduced into evidence. The tape recording made of the questioning was not used in any segment of the trial.

In his first three assignments of error, defendant contends that his alleged confession was inadmissible because he was intoxicated at the time it was alleged to have been made; thus rendering anything he might have said involuntary.

The rule is well settled in many jurisdictions that self-induced intoxication, short of mania, or such an impairment of the will and mind as to make the person confessing unconscious of the meaning of his words, will not render a confession inadmissible, but goes only to the weight to be accorded to it. Anderson v. State, 45 Ala. App. 653, 235 So.2d 902 (1969); People v. Schompert, 19 N.Y.2d 300, 279 N.Y.S.2d 515, 226 N.E.2d 305, cert. den., 389 U.S. 874, 88 S.Ct. 164, 19 L.Ed.2d 157 (1967); United States v. Martin, 434 F.2d 275 (5th Cir., 1970); Lonquest v. State, 495 P.2d 575 (Wyo.1972).

■ Evidence was heard on the voluntariness of the alleged confession out of hearing of the jury in accordance with Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. From the evidence presented, the trial judge determined that the defendant was not so intoxicated as to be unable to appreciate the nature and consequences of his statements. At the suppression hearing, the State offered the testimony of the two police officers who had interrogated the defendant at the police station. Both testified that he was intoxicated, but he did not stagger, appeared to be rational, and answered their questions directly when he wanted to answer. To those questions he did not wish to answer, defendant stated that he did not wish to answer, and did not answer. Defendant's evidence consisted solely of his testimony that he was too drunk to remember making any statements. Upon this basis this Court cannot find that the trial judge abused his discretion by finding that defendant knowingly and voluntarily waived his rights and made a voluntary confession.

■ Defendant also argues that his despondent state of mind after attempting suicide renders his confession involuntary. The officers checked with a doctor and determined that the pills defendant had taken would not produce any other effects other than to act as a laxative. Therefore, it cannot be said that defendant's confession was involuntarily given under the influence of pills.

■ As to defendant's mental condition, the general rule is that a confession is not inadmissible merely because at the time it was made accused was greatly excited, hysterical, or distressed. In Taylor v. State, 27 Okl.Cr. 165, 225 P. 988 (1924), this Court ruled a confession made under such circumstances should not be rejected where such state of mind was not produced by extraneous pressure exerted for the purpose of forcing a confession. As California ruled in People v. Lara, 67 Cal.2d 365, 62 Cal.Rptr. 568, 432 P.2d 202, cert. den., 392 U.S. 945, 88 S.Ct. 2303, 20 L.Ed.2d 1407 (1967), the test is whether despite a low emotional or mental stability, the accused is nevertheless capable of understanding the meaning and effect of his confession.

■■ The defendant next contends the trial court erred in admitting into evidence an alleged confession made without the presence of his counsel while incarcerated

for an alleged unrelated offense. In United States v. Springer, 460 F.2d 1344 (7th Cir., 1972), the Circuit Court of Appeals stated that there is no per se rule that law enforcement officials cannot procure a statement of any kind from a defendant who has an attorney, without prior notice to the attorney. That the constitutional right to counsel can be waived cannot be questioned. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Conviction resulting from confessions obtained without the presence of retained counsel have been affirmed by several courts. Reinke v. United States, 405 F.2d 228 (9th Cir., 1968); Wilson v. United States, 398 F.2d 331 (5th Cir. 1968); Coughlan v. United States, 391 F.2d 371 (9th Cir., 1968). Defendant was given his Miranda warnings, and we cannot say that he did not make a knowing and intelligent waiver to his right to counsel.

Defendant contends, in assignment number five, that the trial court erred by allowing into evidence the testimony of witnesses as to the alleged oral confession, rather than requiring the prosecution to play back a tape recording of the alleged confession. The record reveals that counsel was well aware of the existence of a tape recording throughout the trial. At no time did he object or request the playing of the tape recording. This issue has not been properly raised and preserved during the trial and is, therefore, not properly before this Court.

Defendant also claims irrelevant, prejudicial and inflammatory evidence was admitted into the trial which inflamed the jury against him. Yet he cites no specific examples, and the record reveals none.

For his final assignment of error, defendant claims the fifteen year sentence is cruel and unusual punishment. This is only five years over the minimum sentence defendant could have received for Larceny of a Domestic Animal, After Prior Conviction of a Felony. Considering defendant's prior felony convictions—Burglary Second Degree (Osage County); Burglary Second Degree (Pawnee County); Bogus Check (Washington County)—we are of the opinion that the sentence is not excessive.

For all of the above and foregoing resons, the judgment and sentence appealed from is affirmed.

BLISS, P. J., and BRETT, J., concur.