James Edward YOUNG, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–605.

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1975.

Don Anderson, Public Defender, Oklahoma County, James Edward Young, pro se, for appellant.

Larry Derryberry, Atty. Gen., Bill Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, James Edward Young, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–73–3731, for the offense of Robbery With Firearms, After Former Conviction of a Felony, in violation of 21 O.S., § 801. His punishment was fixed at a term of thirty-eight (38) years in the State penitentiary. From said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Lillian Calkins testified that on December 18, 1973 she was employed as a night manager for the 7–11 Store located at 5301 South Western in Oklahoma City, Oklahoma. At approximately 10:45 p. m., as she was preparing to close, a man, whom she identified in court as the defendant, entered the store and placed a gun on her and demanded the money. The defendant took approximately $50.00, told her to lie on the floor and left. She then called the police and gave them a description of the defendant. She was shown a number of books of mug shots but could make no identification. Thereafter, on December 26, 1973, she went to the police station to view a line-up of five persons from which she selected the defendant as the person who robbed her.

Steve Harry testified that he was employed by the Oklahoma City Police Department on December 18, 1973. He went to the 7–11 Store located at 5301 South Western in Oklahoma City, Oklahoma, at approximately 11:50 p. m. and obtained a description from Lillian Calkins of the robber and put it on the radio.

Bryan Smythe testified he was employed by the Oklahoma City Police Department and that on December 25, 1973, he arrested the defendant at the Blue Front Domino Parlor located on Reno Street in Oklahoma City, Oklahoma, on outstanding traffic warrants.

Denver G. Kirby, an officer with the Oklahoma City Police Department, testified that he conducted the line-up at which Lillian Calkins selected defendant as the robber. Upon interrogating defendant, the defendant denied committing any robbery.

The defendant testified in his own behalf that he did not commit the robbery and had never been in the 7–11 Store located at 5301 South Western in Oklahoma City, Oklahoma. He further testified that on December 18, 1973, he was home all evening and night watching television with his wife, Ruby Young. He had asked her to testify that he was home that night, but she could not recall if he was there. He stated on December 18 he got home at approximately 8:00 p. m., however, his wife was in bed at that time and did not see him until the next morning.

Ruby Lee Young testified in rebuttal that she was the defendant's wife and that on December 18, 1973, she saw the defendant at the Blue Front Domino Parlor at approximately 5:00 p. m. She left the defendant there and went home. At approximately 11:00 or 11:30 p. m. she was awakened, got out of bed and opened the door for the defendant and his brother.

The defendant's previous conviction was admitted and stipulated to.

The defendant's first proposition asserts the trial court erred in permitting the State to introduce testimony in their case in chief as to line-up identification. First, defendant contends under this proposition that the in-court identification was tainted by an extrajudicial confrontation in absence of counsel. The right to counsel attaches only when the accused has been formally charged with the commission of a crime so that an adversary criminal prosecution is pending against him. See, Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972) and Stewart v. State, Okl.Cr., 509 P.2d 1402 (1973). Since the line-up in the instant case was held prior to the defendant's being formally charged with the crime of Robbery with Firearms, no right to counsel had attached at the line-up.

**1406**

■ Defendant next contends under this proposition that the trial court committed error in allowing the State to introduce testimony in its case in chief as to the line-up. Evidence of an extrajudicial identification is admissible, not only to corroborate an identification made at the trial, but as independent evidence of identity. For a complete discussion of this issue see, Hill v. State, Okl.Cr., 500 P.2d 1075 (1972) and cases cited therein.

■ Finally, under this proposition defendant alleges the trial court erred in not holding an evidentiary hearing outside the presence of the jury to determine whether the in-court identification was tainted. The record does not reflect that the defendant at any time prior to or during the course of the trial requested an evidentiary hearing on this matter. The defendant's right to have a hearing outside the presence of the jury is dependent upon his raising a timely objection to the in court identification of the defendant. See, Towning v. State, Okl.Cr., 521 P.2d 415 (1974) and cases cited therein.

■■ Defendant's second proposition asserts the trial court erred in admitting in evidence evidence of other offenses. The record reveals that in the State's case in chief evidence was presented that the defendant was arrested initially on two outstanding traffic warrants. Further, the defendant contends it was error for the prosecutor to deliberately ask him questions on cross-examination regarding a prior conviction for "petty theft" knowing the same to be false. The record reveals that on direct examination the defendant testified he had been convicted of two felonies, that he had pled guilty to both of them; and that if he were guilty in the instant case he would have pled guilty.

We first observe that the defendant did not object to the admission of the evidence of the traffic warrants and thus did not preserve this assignment of error for review. However, assuming the defendant did properly preserve this proposition for review, we believe any error was harmless due to the fact that defendant, on direct examination, admitted two prior felony convictions. We, therefore, cannot see how the defendant could have been prejudiced. See, 20 O.S.1971, § 3001 and Barber v. State, Okl.Cr., 388 P.2d 320 (1963).

Further, there is nothing in the record to indicate that the prosecutor was "creating" a crime to prejudice the jury against the defendant when he asked the defendant if he had been convicted of the offense of "petty theft" in the State of California.

■ Defendant next contends that it was error to allow his wife to testify against him in rebuttal. The record reveals that the defendant did not object to his wife's testimony. It has been held by this Court that when the defendant fails to object to his wife testifying against him he waives the objection and may not present such question on appeal. See, Hunter v. State, 10 Okl.Cr. 119, 134 P. 1134 (1913); Carr v. State, 22 Okl.Cr. 371, 211 P. 423 (1923) and Bernell v. State, 74 Okl.Cr. 92, 123 P.2d 289 (1942). Further, the right to have the wife's testimony excluded is waived when the husband takes the stand and testifies to conversations had with his wife pertinent to the issue. See, Bernell v. State, supra. In the instant case the defendant took the stand and testified he asked his wife to testify that he was home all night, but she could not remember if he was there. We therefore find this proposition to be without merit.

■ The defendant's next proposition of error asserts that the verdict is not supported by the evidence. This Court has consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See, Williams v. State, Okl.Cr., 373 P.2d 91 (1972).

The defendant's next proposition asserts that the punishment is excessive. This Court will not modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of this Court. We need only observe in the instant case that the punishment was within the range provided by law and does not shock the conscience of this Court. See, Roberts v. State, Okl.Cr., 473 P.2d 264 (1970).

The defendant's final proposition of error asserts incompetent counsel. The defendant contends under this proposition that his defense attorney was intoxicated throughout the trial. At the hearing on the motion for new trial when this contention was argued, the trial court made the following statement:

"And in connection with that, let the Court state that the Court observed the conduct of the trial and the conduct of Mr. Neal. The Court is of the opinion that Mr. Neal conducted himself properly in all matters and did not appear to be incapacitated to any degree whatsoever, and to his knowledge, Mr. Neal is competent, dedicated and concerned in this matter and put forth every effor (sic) possible in this matter. At no time did the Defense Counsel, Mr. Neal, appear to be incapacitated to any degree at all." (Tr. 92)

After a careful review of the record we concur with the trial court's findings set out above. This Court, in the case of Jones v. State, Okl.Cr., 513 P.2d 1402 (1973), stated:

"As a general rule, relief upon a final conviction on the ground of ineffective counsel will be granted only when the trial is a farce or mockery of justice, or is shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation." at 1403

In the instant case we observe that the defendant's court appointed counsel at the trial was a duly licensed member of the Oklahoma Bar, qualified by training and experience to protect the rights of an accused in a criminal proceeding. It is therefore our opinion that the petitioner's allegation of ineffective counsel is completely without merit.

It is therefore our opinion that the judgment and sentence appealed from should be, and the same hereby is, affirmed.

BRETT, P. J., and BLISS, J., concur.