**Donny Wayne GLASGOW, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-77-411.**

Court of Criminal Appeals of Oklahoma.

Nov. 28, 1977.

John W. Klenda, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge:

Appellant, Donny Wayne Glasgow, hereinafter referred to as defendant, was charged, tried by a jury and convicted in the District Court, Tulsa County, Case No.

CRF–76–1606, for the offense of Armed Robbery, in violation of 21 O.S.1971, § 801. Punishment was fixed at eight (8) years' imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

Since the defendant's only assignment of error concerns the testimony of Toni Carrie and the record sent to this Court only reflects such testimony, we will restrict ourselves to that portion of the case.

The State's only witness was Mrs. Toni Carrie, the former Ms. Toni Leese, who on May 26, 1976, was employed by U-Tote-M Stores and worked at Store Number 930, located at 9506 East Pine, in Tulsa County, State of Oklahoma. Carrie testified that at about 10:00 a. m. on May 26, 1976, the store where she was working was robbed by an individual wearing a cowboy hat, cowboy boots and sunglasses. At the time of the robbery, Carrie was working alone and there were no customers in the store. Carrie stated that the individual had come up from behind her, grabbed her and threw her to the ground. It was at this time she noticed he had a gun, which she identified as a blue steel automatic. During the whole incident Carrie was told by the intruder not to look at him but she did manage to catch glimpses of him at various times. Carrie was then told to proceed to the front of the store where the cash register was located. When she gave him $70.00 from the cash register, Carrie caught her first quick glimpse of the robber. He then told her to go to the back room. Carrie was reluctant to go back there and while trying to talk him out of it, she gazed at him for about a minute. When he shut the door to the back room, she caught another look at him but for only a second. After Carrie heard him leave she then called the police.

The pertinent testimony upon which the defendant bases his assignment of error, concerns Ms. Carrie's educational experience. (Tr. 13–14). The State questioned Carrie as to the educational courses she had taken and if any of them had to do with awareness training. Carrie testified that during her Junior Year in High School she had taken a three week Psychology course which taught her how to develop awareness. She then described the test used in the course. Defendant objected to this line of questioning as being incompetent, irrelevant and immaterial. The objection was overruled. Carrie further testified that she received an average grade of 99.4% for the course. This testimony preceded the in court identification of the defendant by Carrie.

■ As his only assignment of error defendant contends that the trial court erred in admitting into evidence highly prejudicial and irrelevant testimony of Toni Carrie, concerning her experience in awareness training, prior to any impeachment of her testimony and before the in court identification of the defendant. Defendant argues that corroborating testimony used to strengthen or bolster the testimony of a parties' own witness is not admissible where such witness has not been cross-examined nor testimony impeached. The State argues that it was not reversible error to allow the State's witness to testify as to her prior awareness training. We agree that such evidence is in effect bolstered the witness's own testimony in implying that Carrie's awareness perception was much more acute than the average person. However, we believe the error in admitting Carrie's testimony relating to her awareness training was not sufficient to cause reversal of this conviction. The defendant made no attempt to show how the testimony prejudiced his case to such an extent as to require reversal. Carrie was able to get several views of the defendant during the crime and furthermore made a positive in court identification of the defendant. Also the probative value of such testimony seems lacking in that cross-examination revealed that Carrie had taken the awareness course four years ago at the high school level. The course had lasted for only one quarter of a semester. The combination of the above factors illustrates the innocuous affect of the admitted testimony.

■ It is settled that the admissibility of evidence at trial is within the trial

**292**

court's discretion and where there is no showing of prejudice to the defendant or breach of his fundamental rights, this Court will not reverse on such grounds. *Hopkins v. State,* Okl.Cr., 506 P.2d 580 (1973). Prejudice will not be presumed from the error. *Bird v. State,* Okl.Cr., 362 P.2d 117 (1961). The defendant has a heavy burden in proving prejudice that would justify reversal. 20 O.S.1971, § 3001, states:

> "No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless it be the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

A close review of the record and evidence in this case and the authority submitted by the defendant fail to convince this Court that he has met the burden assigned.

For the above and foregoing reasons, we conclude that the record is free from any error which would require reversal. The judgment and sentence of the District Court is hereby *AFFIRMED.*

BUSSEY, P. J., and CORNISH, J., concur.