**David SETH, a/k/a Big Dave, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–268.**

Court of Criminal Appeals of Oklahoma.

June 25, 1982.

---

1. Thereafter, the legislature amended the statute to eliminate the constitutional defect. *See,*

21 O.S.Supp.1981, § 1123.

Lonnie R. Hardin, Johnson, Chaffin & Hardin, Tahlequah, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Appellant, David Seth, was convicted in the District Court, Cherokee County, for the crime of Assault and Battery with Intent to Kill. The jury set punishment at twenty (20) years' imprisonment.

On October 13, 1979, at approximately 2:30 a. m., 21 year old Ms. Carmen M. was attempting to make her way home after visiting some nightclubs in the Tahlequah area. After parting company with friends, Carmen began to walk along the highway, and the cold weather induced her to hitchhike for a ride.

A short time later a car slowed to a stop beside her. The appellant, who was seated on the passenger side of the front seat, eased over, and Carmen sat next to him. She told the driver, David Willis, her address and requested a ride home, but Willis told her he had to go someplace first.

The car, now containing David Willis, the appellant, Carmen and another man, stopped at a house outside Tahlequah. Everyone entered the house, and Carmen waited on a couch for the men to take her home.

Instead, Willis commanded Carmen to go into a bedroom and lie on a mattress. Willis removed her clothes and had intercourse with her. The other two men also engaged in intercourse with Ms. M. Afterwards, she went to sleep next to the appellant on the living room floor.

The next morning everyone was awakened by the unexpected arrival of the wives of David Willis and the appellant. Willis and the appellant had a brief discussion in one of the bedrooms before ordering Carmen outside. Once outside, one of the men ordered her into the trunk of the car and closed the lid.

Following a short drive into a secluded area, the car stopped, and Carmen was ordered to get out of the trunk. David Willis led her across a field, with the appellant walking beside or right behind Carmen. After walking for some distance, the two men stopped, and Carmen was beaten severely about the head and face with a rock or large stick. Carmen was left lying in the wilderness, badly injured, and the two men returned to their wives without seeking aid or medical attention for their victim.

Fortunately, two deer hunters discovered Carmen later that day and notified authorities. Several physicians treated her for fractures, cuts and abrasions. Carmen suffered two large lacerations above the eyes, crushed cheek bones, broken front teeth and numerous scratches. The sheriff also testified he had taken his hand and placed, what appeared to be brain tissue, back into the victim's forehead before covering the opening with skin.

The appellant, in a statement to police and during his testimony at trial, consistently maintained he was present when Carmen was beaten, but maintained David Willis performed the actual beating.

## I.

The appellant contends that photographs of Carmen before and after the incident were improperly admitted into evidence, because such photographs served no purpose other than to inflame the jury.

■ Appellant maintains the photographs of the victim's injuries were extremely gruesome and severely lacking in probative value. It is well established that the admission of photographic evidence rests with the sound discretion of the trial court, and such admission into evidence will constitute reversible error only where an abuse of discretion is clearly shown. *Garrett v. State*, 95 Okl.Cr. 44, 239 P.2d 439 (1951).

The trial court's duty is to exclude such evidence only if the probative value is substantially outweighed by the danger of unfair prejudice. 12 O.S.1981, § 2403.

■ In the instant case, the probative value of the photographs outweighed any passion that may have been incidentally aroused in the jury. The State had the burden of proving beyond a reasonable doubt that an assault and battery with in-

tent to kill had been committed. Photographs depicting the victim's numerous wounds were competent evidence that Carmen's assailants did intend to kill her.

The appellant's failure to make a contemporaneous objection to the introduction of State's Exhibit Number Two, portraying the victim prior to the assault, waived any possible error that occurred. *Young v. State*, 531 P.2d 1403 (Okl.Cr.App.1975).

The first assignment of error is without merit.

## II.

The appellant next asserts the trial court erred in admitting into evidence a picture of the defendant taken prior to this crime. The picture depicts the appellant sitting in a chair with a pistol in each hand and one in his lap.

The photo was initially denied admission for identification purposes alone, but when further issues developed during trial, the court acquiesced in its admission. There is no support in the record for the admission of this photograph into evidence. The State contends the photograph is relevant to the issues of identity, consciousness of guilt and credibility of defendant. However, an examination of the record reveals that appellant's presence at the scene of the crime was not an issue at trial. On the contrary, the appellant himself testified he was there with David Willis.

The Attorney General argues that Seth altered his appearance immediately after the assault by shaving his beard and mustache. This, coupled with the fact he cut his hair, is enough to show appellant's consciousness of guilt, according to the State. However, 12 O.S.1981, § 2403, requires the evidence to be excluded if its probative value is substantially outweighed by the unfair prejudice to the appellant. We find that the photograph had minimal probative value. This evidence should have been excluded.

 The appellant has a heavy burden of proving that erroneous admission of evidence was sufficiently prejudicial to require

reversal. *Glasgow v. State*, 572 P.2d 290 (Okl.Cr.1977). The photo allowed the jury to view the appellant in possession of several guns. The victim and the appellant had already testified that he had carried a firearm during most of the episode. These factors, when combined with the appellant's confession that he was present while the victim was assaulted, tend to suggest that the photograph was only cumulative in nature, especially in view of the violent nature of this assault.

## III.

He next argues that the trial court erred in admitting testimony of Sheriff Darrell Scott, who testified about a statement made by the appellant. He asserts that this statement was made when he was in a state of severe mental duress, resulting from the discomfort of being arrested, his concern for his pregnant wife's medical condition and his lack of sleep. Appellant claims these factors prevented him from making a knowing and voluntary waiver of his rights.

 Such concern, even if genuine, is not sufficient grounds to hold his statement was given involuntarily. The appellant never alleges that the police officers pressured him into confessing, and the absence of compulsion makes it difficult for him to argue his rights were violated. The United States Supreme Court, in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and recently in *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), clearly indicated that the element of compulsion is the crucial factor to consider when determining the issue of voluntariness. Furthermore, a statement is not inadmissible merely because at the time it was made the accused was distressed. The appropriate test is whether defendant is nevertheless capable of understanding the meaning and effect of his statement. *Moles v. State*, 520 P.2d 822 (Okl.Cr.App.1974).

The trial judge held an in camera hearing on the issue of voluntariness before admitting the statement. There is sufficient evidence to support the trial court's admission

of the statement. See *Warren v. State*, 495 P.2d 837 (Okl.Cr.App.1972).

### IV.

In his final assignment of error, it is argued that the evidence failed to show he assaulted the victim. The actual commission of the assault is not a prerequisite for conviction. The State must only prove that appellant aided and abetted in the commission of the crime. 21 O.S.1981, § 172.

The evidence is uncontroverted that Carmen was taken to a secluded area by the appellant and David Willis and assaulted. He contends he had accompanied David Willis with the intent to stop him from killing the girl. Instead of believing Seth was acting in the role of good-samaritan, the jury elected to find him guilty of the crime as charged. This Court has consistently refused to interfere with a jury verdict where competent evidence exists to support the finding of guilt, since it is the exclusive province of the jury to weigh the evidence and determine the facts. *Cooper v. State*, 584 P.2d 234 (Okl.Cr.App.1978).

In light of the foregoing, the judgment and sentence is hereby AFFIRMED.

BRETT, P. J., concurs.

BUSSEY, J., specially concurs.

BUSSEY, Judge, specially concurring:

While I am in accord with the view expressed by Judge Cornish in affirming the conviction, I find no abuse of discretion in admitting State's Exhibit No. 1, under the unique facts and circumstances of the instant case.