Vinson E. RICHARDSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–595.

Court of Criminal Appeals of Oklahoma.

July 19, 1983.

Robert M. Looney, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., of Oklahoma, Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

The appellant, Vinson E. Richardson, was convicted by a jury in the District Court of Comanche County, State of Oklahoma, Case No. CRF–80–420, on March 23, 1981, of Attempted Rape in the Second Degree in violation of 21 O.S.1971 § 1114. The jury assessed punishment at seven and one-half (7½) years' imprisonment and the appellant was sentenced accordingly.

Sally Brantley, a nurse at Memorial Hospital in Lawton, Oklahoma, testified that the elderly victim, C.H., was a patient at the hospital on August 7, 1980. At approximately 8:30 p.m., when Ms. Brantley went to check C.H.'s condition, she discovered a man resembling the appellant on top of C.H. The man ran from the room and was followed by Gene Warren, a visitor at the hospital, who caught up with him several blocks away. The police arrived shortly thereafter, and Mr. Warren pointed out the appellant as the suspect.

While enroute to the police station, the appellant, who was slightly inebriated at the time, was read the *Miranda* warning. Once at the police station he became sick and afterwards was calmer and more stabilized. After being advised of his rights once again, the appellant signed a rights waiver and confessed to raping C.H. When Dr. Ben Cooper informed Detective Mahamed that an examination of C.H. showed no penetration had occurred, a second rights waiver was signed by the appellant, who then confessed to attempted rape.

The appellant objected to the introduction of the two confessions at trial and the trial judge overruled the objection based on his ruling at the motion to suppress hearing that the confessions were voluntary. On appeal the appellant claims that he did not knowingly and voluntarily waive his *Miranda* rights, because he was intoxicated and did not have the intellectual capability to understand the full meaning of his confession.

In *Moles v. State,* 520 P.2d 822 (Okl. Cr.1974), this Court adopted the rule that

"self-induced intoxication, short of mania, or such an impairment of the will and mind as to make the person confessing unconscious of the meaning of his words, will not render a confession inadmissible, but goes only to the weight to be accorded to it." The testimony at the suppression hearing by the police officers was that appellant was advised of his *Miranda* rights on two separate occasions, indicated he understood those rights and signed a rights waiver. Although it was obvious he had been drinking, once he regurgitated, he gained his composure. The language of the confessions themselves were indicative of the appellant's free will, since the words used by the appellant to describe his actions in the hospital bed with C.H. were "slang terms", substituted for the proper terms the appellant could not understand. There was no other evidence supporting a contention of a coercive atmosphere. This Court concludes that the trial judge properly overruled the motion to suppress and gave the issue of voluntariness to the jury to consider. See *Rathbun v. State,* 506 P.2d 983 (Okl.Cr. 1973).

Officer Thomas testified that while transporting the appellant to the police station, the appellant, while rambling on and not in response to any questioning, explained to the officer that he took a friend to the hospital and when he was leaving he was assaulted by three individuals who claimed he had sold them bad dope. The appellant contends that the testimony of the dope sale was evidence of other crimes and improperly admitted over objection at trial.

■ The trial judge ruled that the testimony was relevant. We have reviewed the evidence and agree with him. The appellant's statement given to explain his presence at the scene of a crime is both relevant and probative. Relevant evidence may be excluded only if its probative value is substantially outweighed by the danger of unfair prejudice. 12 O.S.1981, § 2403. The prejudice that could have resulted from in-forming the jury of the appellant's dealings in dope was far outweighed by the probative value of his explanation for being at the hospital.

Admittedly, selling dope is a crime. However, it was only through the appellant's admission to the officer, who then repeated it, that the jury was apprised of the information. The purpose of 12 O.S. 1981, § 2404 B was not to prevent witnesses from testifying to the substance of an accused's statements made at the time of his arrest. See *Roulston v. State,* 307 P.2d 861 (Okl.Cr.1957). Section 2404 B is not applicable to the instant case. Furthermore, the trial judge, cautioned the jury that the admission to the crime of selling dope was not to be considered in determining the guilt or innocence of the appellant for the crime of attempted rape. We therefore find that the evidence was properly admitted at trial.

■ In his final assignment of error the appellant asserts that the trial court erred in overruling his demurrer to the evidence and that there was insufficient evidence to support the verdict. By offering evidence after the demurrer was overruled, the appellant waived review of the ruling. Whether the evidence supports a conviction is then determined by an examination of the entire record. *Shockey v. State,* 524 P.2d 33 (Okl.Cr.1974).

■ Ms. Brantley's testimony that she saw a man resembling the appellant on top of C.H., and the appellant's confession that he attempted to have intercourse with C.H. established a prima facie case of attempted rape. See *Hunt v. State,* 601 P.2d 464 (Okl.Cr.1979). The appellant's contention that he could not be convicted of attempted rape because the crime of rape was not factually possible is frivolous.[1] Factual impossibility does not preclude a conviction for an attempt to consummate the crime. See *Booth v. State,* 398 P.2d 863 (Okl.Cr.1965). The evidence at trial more than supports a

1. Dr. Ben Cooper examined C.H. after the assault and testified that in his opinion penetra-tion could not have happened.

conviction for attempted rape and thus, the judgment and sentence is AFFIRMED.

BUSSEY, P.J., and CORNISH, J., concur.