Jeanne Marie AYLOR and Charlotte
Ann Aylor, Appellants,

v.

The STATE of Oklahoma, Appellee.

Nos. M–85–639, M–85–640.

Court of Criminal Appeals of Oklahoma.

Sept. 1, 1987.

Thomas D. McCormick, Oklahoma City, for appellants.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellants Jeanne Marie Aylor and her mother, Charlotte Ann Aylor were tried before the Honorable Bryan C. Dixon in the District Court of Oklahoma County on two charges each of Trafficking in Children, Case Number CRM–84–3582. The jury returned a verdict of guilty on both counts for each appellant, setting punishment at nine months imprisonment and a $500.00 fine for each count, the sentences to run concurrently. Appellants were sentenced accordingly and appeal.

The charges arise from the alleged sale by appellants of Jeanne Aylor's newborn baby to two sets of prospective parents in April of 1984. The State presented evidence that money was exchanged between appellants and one set of prospective parents with the understanding the prospective father would identify himself as the natural father on the birth certificate, and take custody of the baby. Appellants subsequently became dissatisfied with the arrangement and by means of deceit regained possession of the baby. The baby was then offered to a second couple and more money was exchanged. The events were thereafter reported by the first couple to the police.

Appellants testified that the money paid during the first transaction was for medical expenses pursuant to an adoption agreement. The money received from the second couple was alleged to be a loan. Testimony was elicited from both appellants and witnesses concerning another child of appellant Jeanne Aylor who had been "adopted" by the second couple in 1981 after the couple gave her $500.00.

■ For their first proposition of error, appellants propose that the trial court improperly admitted evidence of another crime which was prejudicial to them. Appellants urge that the evidence of the events surrounding the earlier adoption and possible "sale" of another child of appellant, Jeanne Aylor, in 1981 was too remote in time to have any visible connection

to the present case to be admissible under 12 O.S.1981, § 2404(B).

The standard for admissibility of other crimes and the procedural steps to be followed are addressed in *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979). The relevancy of the other crime evidence must be established—a visible connection between the crimes must be seen, the exception under which the evidence is sought to be admitted must be specified and the evidence must not be merely cumulative but necessary to support the State's burden of proof. *Id.* at 774. Any relevant evidence sought to be admitted must also be balanced against the danger of unfair prejudice and may be excluded if the danger is significant. 12 O.S. 1981, § 2403. *Richardson v. State,* 666 P.2d 1290 (Okl.Cr.1983).

In the instant case there is no doubt the evidence is of a very prejudicial nature. However, its probative value is also significantly high in that it shows the overall circumstances of the transactions of which appellants stand accused. The first couple was interested in acquiring a baby but had questions about the specifics and permanency of the arrangements. They were concerned appellants could at some later date take the child away from them. Appellants reassured the couple by telling them they had done this before without any problem.

A predominate reason for the second couple's interest in the child was the fact they already had acquired the natural sister of the baby in a similar transaction. The Court has allowed evidence of other crimes or acts to be admitted under the "plan" exception to § 2404(B) where the methods of operation were so distinctive as to demonstrate a visible connection between the crimes. *Driver v. State,* 634 P.2d 760 (Okl. Cr.1981).

In the case before us, both the 1981 "adoption" and the proposed adoption to the first couple were conducted in the exact same manner. The prospective fathers claimed paternity after which the natural mother relinquished custody of the baby. Both involved the exchange of money and both children were of racially mixed origin.

Additionally, the evidence would be admissible regarding the "repossession" and placement of the baby with the second couple to show the motive of appellant Jeanne Aylor. The couple had previously acquired a baby from appellant and expressed a willingness to pay money to acquire the child's natural sister.

Accordingly, we find the trial court did not abuse its discretion in admitting the evidence. *See Camp v. State,* 664 P.2d 1052 (Okl.Cr.1983). The requirements for admission of other crimes or acts under *Burks* were satisfied and we find, therefore, this assignment of error to be without merit.

For their second assignment of error, appellants complain the trial court improperly admitted appellants' confessions into evidence.

■ Appellant Jeanne Aylor was interviewed by a Department of Human Services Social Worker at the Pauline Mayer Center. A police officer was present at the Department's request for security purposes. The police officer did not conduct the interview, nor was the tape recording of the interview made available or used in any manner by the police department. Appellant was arrested at the Center immediately following the interview. Later that day, she gave a statement to police after being read her constitutional rights.

Appellant asserts that by submitting to the interview she was "in custody" illegally at the time and, therefore, any subsequent confessions obtained were the result of the illegal arrest and inadmissible under *Wong Sung v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

A pre-trial motion hearing was conducted at which the court held, after presentation of evidence from the state and appellants, that no illegal arrest was made; it was not a police custodial situation requiring *Miranda* Rights, and proper arrest warrants were subsequently issued after which appellants made voluntary statements in accordance with the *Miranda* decision.

Appellant voluntarily presented herself to the Department of Human Services for

questioning by the social worker as part of the Department's investigation of the alleged child selling. The social worker had no power to arrest appellant and police were present only peripherally at the request of the Department. We find no error; therefore, the judgement and sentence is AFFIRMED.

BUSSEY and PARKS, JJ., concur.